Peter A. BOATENG, et al., Plaintiffs,

v.

**INTER AMERICAN UNIVERSITY,** et al., Defendants.

No. Civ 99–1295 JP.

United States District Court, D. Puerto Rico.

Nov. 15, 1999.

Peter A. Boateng, London, UK, pro se.

Alberto G. Estrella, San Juan, P.R., for defendant.

### *ORDER*

PIERAS, Senior District Judge.

## I. INTRODUCTION

The case at bar is the third in a trilogy of cases filed by Plaintiff Peter A. Boateng alleging that Defendant Inter–American University and the members of an ad hoc academic committee discriminated against him in denying him a tenured faculty position. In the instant case, Professor Boateng's wife, Mabel Boateng, joins as Plaintiff. The Court has before it Defendants Inter–American University ("the University"), Dr. Juan Aponte, and Suzanne Laforet's (collectively "Movants") Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) (**docket No. 18**) and Plaintiffs' Opposition thereto (docket No. 26).

## II. STANDARD UNDER RULES 12(B)(1) AND 12(B)(6)

Once a defendant files a Motion contesting the Court's subject matter jurisdiction under Rule 12(b)(1), the burden of establishing jurisdiction falls on the plaintiff. *See Thomson v. Gaskill,* 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942). Therefore, if jurisdiction is premised on a federal question, the plaintiff must show that he has brought a claim arising under federal law. *See Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Moreover, if jurisdiction is premised on diversity of citizenship, the plaintiff must show complete diversity, and that his claim exceeds the jurisdictional minimum amount. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank,* 948 F.2d 41 (1st Cir.1991). The Court must accept as true the well-pleaded factual averments contained in the complaint, while at the same time drawing all reasonable inferences therefrom in favor of the plaintiff. *See McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 276, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Correa–Martínez v. Arrillaga–Beléndez,* 903 F.2d 49, 51 (1st Cir.1990). In opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Technology,* 950 F.2d 13, 22 (1st Cir.1991). Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an

effort to present a legal theory that will support his claim. *See id.* at 23 (citations omitted). Plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barceló v. Hernández–Agosto,* 75 F.3d 23, 28 n. 8 (1st Cir. 1996) (citing *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988)).

## III. PROCEDURAL AND FACTUAL BACKGROUND

In order to fully understand the arguments presented in the instant motion, it is necessary to review the procedural and factual history and between the parties. Prior to the instant case, Professor Boateng filed a Complaint in this Court against the University, its president, chancellor, Dean of the Professional Programs Division of the San Germán campus, and Chairman of the Board of Trustees. Plaintiff's allegation in that case, presided by Judge Carmen C. Cerezo, was that the University denied him a tenured faculty position solely because of his race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000–e. Professor Boateng, who is from Ghana and black, had been employed at the University as a Professor of Accounting. Boateng also claimed that Defendants were liable for breach of its employment contract with him. Judge Cerezo entered final judgment on December 9, 1998, dismissing Boateng's case because a parallel action had been filed in Puerto Rico State court which had been adjudicated on the merits in Defendants' favor, barring the federal case under res judicata. The State Court entered its Findings of Fact, Conclusions of Law and Judgment on March 27, 1998 ruling that after evaluating all documentary evidence and testimony, the University had complied with its contractual obligations towards Boateng and that no evidence on the record suggested any discriminatory wrongdoing. After determining that filing and pursuing the Complaint in the federal case was temerarious, Judge Cerezo imposed costs and attorneys' fees against Plaintiff Boateng.

Plaintiffs filed the Complaint in the above styled case on March 23, 1999, raising several causes of action in connection with Professor Boateng's employment at the Inter–American University. Although not a model of clarity, Plaintiffs, both appearing pro-se, filed the Complaint in the instant case seeking relief to correct "unlawful employment practices leading to: ... [d]efamation of Dr. Peter A. Boateng's social and professional reputation[; r]etaliatory actions that the [Inter–American University] officials and members of its ad hoc Committee took against [Dr. Boateng; and c]onspiracy dealings to arrive at a fraudulent state court [j]udgment with misrepresentation of facts to violate [Dr. Boateng's] legal civil rights and to deprive him of due process and equal protection of the law." In particular, Plaintiffs allege that the members of the University's ad hoc committee made defamatory and false manifestations that resulted in the tarnishing of Dr. Boateng's social and professional reputation and contributed to a "fraudulent state court judgment with misrepresentations of facts which validated the unlawful dismissal of Dr. Boateng." (Compl. at ¶ IIb). Plaintiffs also allege that the statements of the ad hoc committee in determining that Dr. Boateng committed plagiarism and thereafter during the Commonwealth Court proceedings were defamatory. Thus, Plaintiffs defamation claim arises from statements allegedly made during the ad hoc Committee's consideration of Boateng's tenure and dismissal and during the State court proceedings. Plaintiffs also allege that Defendants are liable for his discharge on July 31, 1997 in retaliation for Boateng pursuing legal relief and that Defendants are liable under the Age Discrimination in Employment Act by hiring a younger and less experienced person to substitute Dr. Boateng.

In the Motion sub judice filed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the "Movants" request the dismissal of Plaintiffs Complaint because it is barred by res judicata, the matters involved are time-barred, and for lack of jurisdiction.

## IV. DISCUSSION

Movants argue that Plaintiffs' Complaint should be dismissed as time-barred. The

Court agrees. Plaintiffs, defamation claim addresses statements made by University officials and members of the ad hoc committee during December 1995 when Professor Boateng had been accused of plagiarism, and during the time leading up to the rejection of his tenure and termination in July 1997. Because a cause of action for defamation arises under state law, the one year statute of limitation under Puerto Rico law governs Plaintiffs' claim for defamation. *See* P.R.Laws Ann. Tit. 31 § 5298. Therefore, all allegedly defamatory statements that antedate the one year period leading up to the filing of the instant complaint on March 23, 1999 are stale. In view of this prescription period, the December 1995 and July 1997 statements are not actionable.

■ Plaintiffs aver that several of the defamatory statements were published in the Commonwealth court's findings of fact and judgment of March 27, 1998, and are therefore within the statute of limitations period. The Court does not find Plaintiffs' arguments compelling. First, the statements upon which the Commonwealth Court grounds its judgment were made during trial which ended before March 23, 1998. Moreover, even if the statements made during the Commonwealth court trial were timely, Plaintiffs would not have a cause of action for those statements. Generally, the statements that would otherwise be actionable under libel and slander statutes are cloaked with full protection from civil liability. *See generally* John B. Lewis & Lois J. Cole, *Defamation Actions Arising from Arbitration and Related Dispute Resolution Procedures—Preemption, Collateral Estoppel and Privilege: Why the Absolute Privilege Should be Expanded,* 45 DePaul L.Rev. 677, 686–688 (1996). The statements made by "court officers, attorneys, parties, witnesses, and jurors cannot serve as the basis for a defamation action." *Id.* at 687 (citations omitted). Similarly, the Puerto Rico Civil Code states that "[a] publication or communication shall not be held or deemed malicious when made in any legislative or *judicial* proceeding." P.R.Laws Ann. tit. 32, § 3144. In sum, the statements made during any judicial proceeding do not create a cause of action for defamation. *See Hugel v. Milberg, Weiss, Bershad, Hynes & Lerach,* *LLP,* 175 F.3d 14, 16 (1st Cir.1999) (discussing absolute privilege under New Hampshire law); *Gierbolini Rosa v. Banco Popular de Puerto Rico,* 930 F.Supp. 712, 716–17 (D.Puerto Rico 1996) *Schroeder v. De Bertolo,* 912 F.Supp. 23, 27 (D.Puerto Rico 1996) (Pieras, J.). In view of this discussion, the Court concludes that Plaintiffs lack a cause of action for defamation.

■ Plaintiffs also allege that there were "[c]onspiracy dealings to arrive at a fraudulent state court Judgment with misrepresentation of facts to violate Plaintiff Boateng's civil rights and to deprive him of due process and equal protection of law." In general terms, Constitutional rights of individuals are only actionable against a state actor. Section one of the Fourteen Amendment is introduced by "No state shall . . . ." The concept of state action was first explained by the United States Supreme Court in the *In re Civil Rights Cases,* 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883). There are two exceptions to the rule that only state actors are subject to liability for Fourteenth Amendment violations: when the defendant is vested with a public function or when the government is sufficiently involved with the acts of the private actor. *See Terry v. Adams,* 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152 (1953); *Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948); *Smith v. Allwright,* 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987 (1944). In the instant case, the University is not vested with a public function because the operation of a private academic institution, even when it receives public grants, does not perform a public function. *See Rendell–Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). Moreover, Plaintiffs have not alleged any involvement or nexus between the state and the allegedly defamatory claims made by Defendants. In view that Plaintiffs lack any recourse for the alleged violation of their Constitutional rights, the Court also dismisses such claim.

■ Finally, Plaintiffs claim that Defendants engaged in age-based discrimination against him when it hired a younger individual as his replacement on August 1, 1997.

Plaintiffs, however, have not filed a timely charge with the EEOC raising this age discrimination claim. Therefore, Plaintiffs have not exhausted administrative remedies in a timely fashion and his age discrimination claim is hereby dismissed.

In view of the above, the Court hereby **GRANTS** the instant motion and hereby **DISMISSES** Plaintiffs' Complaint **WITH PREJUDICE.** The Court expresses its concern that even after being adjudicated, Plaintiff Peter A. Boateng has tried on two occasions to revive his case. Despite being termed differently, Plaintiff seeks redress for the acts of an institution which already have been deemed to legal. Plaintiffs' object is "to correct unlawful employment practices." These practices, however, were not illegal.

## V.  CONCLUSION

In view of the above, the Court hereby **GRANTS** Defendants' Motion and hereby **DISMISSES WITH PREJUDICE** Plaintiffs' Complaint. Judgment will be entered accordingly.

**IT IS SO ORDERED.**