NORMAN MacLEAN *vs.* NAUMKEAG TRUST COMPANY.

Essex.    May 16, 1929. — September 10, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Abuse of Legal Process. False Arrest and Imprisonment. Malicious Prosecution. Actionable Tort.*

An action for malicious prosecution of the plaintiff by indictment cannot be maintained when it appears that the indictment was nolprossed.

Allegations in a declaration in an action of tort, in substance that the defendant, intending to deprive the plaintiff of his good name and to force him "to settle certain civil claims," caused him to be indicted for the crime of larceny and "thereupon . . . arrested and imprisoned," and that a *nolle prosequi* was entered, set forth no cause of action for malicious prosecution, for false imprisonment, or for abuse of legal process.

TORT, with a declaration as amended described in the opinion. Writ dated April 24, 1926.

The defendant demurred to the declaration. The demurrer was heard by *F. T. Hammond*, J., and was sustained. The plaintiff appealed.

*F. E. Shaw*, for the plaintiff.

*James J. Ronan*, for the defendant.

CARROLL, J. In the Superior Court the defendant's demurrer was sustained. The plaintiff appealed. His declaration is in three counts. In his brief the plaintiff states that the first count is for malicious prosecution; the second "for false imprisonment, although in form sufficient to sustain an action for malicious prosecution." The third count is for the abuse of process.

The first count alleges that the defendant maliciously and without probable cause procured the plaintiff to be indicted for the larceny of flour to the value of $5,000 of the property of the Naumkeag Trust Company; that without the knowledge or consent of the plaintiff a *nolle prosequi* was entered by the assistant district attorney to the plaintiff's damage. The second count sets out that the defendant, intending to deprive the plaintiff of his good name and to force him "to settle certain civil claims," caused him to be indicted for the crime of larceny and "thereupon . . . arrested and imprisoned," and that a *nolle prosequi* was entered. The third count alleges that the plaintiff was indicted for larceny; that the "defendant maliciously intending to oppress and injure your plaintiff and to compel and force him to pay said defendant its said claims in full" did wrongfully "procure the indictment and arrest and imprisonment of your said plaintiff," which "indictment was nolprossed" by the assistant district attorney. "Wherefore your plaintiff says said defendant, as aforesaid, was guilty of malicious abuse of said process."

The first two counts are for malicious prosecution and it is contended by the plaintiff that the prosecution was determined by the entry of a *nolle prosequi*. In an action for malicious prosecution of the plaintiff by indictment it is essential to allege and prove that the prosecution has been determined by the acquittal of the plaintiff, and it is well settled that a

*nolle prosequi* entered by a district attorney is not sufficient. This question was fully considered in the recent case of *Fogg* v. *First National Bank of Boston, ante,* 25, where it was held that a demurrer to a declaration alleging malicious prosecution by indictment and termination of the prosecution by a *nolle prosequi* was sustained properly because such an entry did not show that the plaintiff was fully acquitted. Cases were cited in *Fogg* v. *First National Bank of Boston, supra,* supporting the decision. There is no adequate allegation in the first and second counts of a false imprisonment. The procurement of the arrest of the plaintiff by a lawful warrant did not make the defendant liable for false imprisonment. *Everett* v. *Henderson,* 146 Mass. 89, 93, and cases cited.

The third count contains no sufficient allegation of abuse of process. The defendant did not direct the use of the warrant or influence the conduct of those in charge of the prosecution; there is nothing to show that the criminal proceedings were not entirely under the supervision of the assistant district attorney or that the defendant had any authority over the conduct of the criminal prosecution. It is to be presumed that the plaintiff was arrested by public officials acting as officers of the government in the performance of a public duty, not as agents of the defendant, and there is no allegation in the declaration to the contrary. The averment that the defendant wrongfully and maliciously aided and assisted in prosecuting the plaintiff does not show an abuse of process. *Zinkfein* v. *W. T. Grant Co.* 236 Mass. 228, 232. See *Shea* v. *Sullivan,* 261 Mass. 255. The arrest and imprisonment of the plaintiff was, according to the declaration, "by the lawful officials of . . . Essex County." To make out a case of abuse of process there must be some particular act or omission which amounts to a misuse or oppression beyond the mere fact of arrest and detention. *Wood* v. *Graves,* 144 Mass. 365, 369. If the proceeding was with malice without probable cause and the prosecution ended by the acquittal of the injured party, an action would lie for malicious prosecution; but an action for ma-

licious abuse of process lies only where the process was in fact abused, and there is nothing in the declaration to sustain this contention. *Coupal* v. *Ward,* 106 Mass. 289. The order sustaining the demurrer is affirmed.

*So ordered.*