JOSEPH LORUSSO vs. IRVING U. BLOOM.

Suffolk.    January 9, 1947. — February 3, 1947.

Present: FIELD, C.J., RONAN, WILKINS, & SPALDING, JJ.

*Abuse of Legal Process.*

Evidence, in an action of tort for abuse of legal process, that the de-
fendant, knowing that the plaintiff had satisfied an indebtedness to
him, nevertheless had obtained a judgment for the debt against the
plaintiff by default and had caused supplementary proceedings to be
brought and prosecuted under G. L. (Ter. Ed.) c. 224, would have
warranted a verdict for the plaintiff; and it was error to order a verdict
for the defendant.

TORT.    Writ in the Superior Court dated January 15,
1945.

The case was tried before *Dillon*, J.

*M. Rosenthal*, for the plaintiff.

No argument nor brief for the defendant.

RONAN, J.    This is an action of tort for abuse of legal
process.    The defendant brought an action of contract to
recover a small indebtedness owed to him by the plaintiff.
The latter then paid something on account to the defendant's
attorney, and the plaintiff's wife, a few days before the
return day of the writ, went to the defendant's place of
business and paid the balance of the account to the defend-
ant's clerk, who telephoned to the defendant's attorney and
"told him that it was O. K.," and told the plaintiff's wife
that it was not necessary to go to court.    The plaintiff did
not appear in court, and judgment followed his default.
The defendant instructed his attorney to bring supplemen-
tary proceedings against the plaintiff, and the plaintiff se-
cured counsel and appeared in these proceedings which
were finally dismissed.    The judgment which was entered
in the action of contract was subsequently vacated, and
judgment for Lorusso was entered by agreement of the
parties.    The record would support findings of all of these

facts. The judge in the present action, subject to the exception of the plaintiff, directed a verdict for the defendant.

The bringing and prosecution of supplementary proceedings under G. L. (Ter: Ed.) c. 224 by one, who could have been found to have known that his alleged debtor had fully satisfied his indebtedness, for the purpose of compelling him to pay again, constitute an abuse of legal process. The commencement and maintenance of an action known to be groundless to accomplish such a purpose are a perversion of legal process and make the instigator liable for the damages sustained by the one against whom he has brought such proceedings. *White* v. *Apsley Rubber Co.* 194 Mass. 97. *Lopes* v. *Connolly*, 210 Mass. 487. *Malone* v. *Belcher*, 216 Mass. 209. *Reardon* v. *Sadd*, 262 Mass. 345. *Pihl* v. *Morris*, 319 Mass. 577. Restatement: Torts, § 682, illustration 2.

*Exceptions sustained.*