LEDGEHILL HOMES, INC. *vs.* LOUIS CHAITMAN. December 2, 1964. Exceptions overruled. In this action of tort for abuse of process the judge found for the defendant. The plaintiff presented seventeen requests for findings and rulings, all of which were granted. The sole question arises from the plaintiff's exception to the denial of its motion for a new trial. The grounds of the motion are that the general finding for the defendant is: (1) inconsistent with the judge's rulings and findings, (2) against the weight of the evidence, and (3) unfair and unjust. There was no error. The judge could have found that, although the attachment was excessive, the process was not "used to accomplish some ulterior purpose for which it was not designed or intended, or which was not . . . [its] legitimate purpose." *Gabriel* v. *Borowy,* 324 Mass. 231, 236. And he could likewise have found, despite the evidence adduced by the plaintiff, that damage, an essential element of the tort, had not been established. See *Quaranto* v. *Silverman,* 345 Mass. 423, 427.

*Stephen R. Morse* for the plaintiff.

*John R. Carney, Jr.,* for the defendant.

RONALD R. GESWELL's (dependents') CASE. December 2, 1964. Decree affirmed. The employee sought workmen's compensation benefits alleging that on February 27, 1957, while in the employ of the town of Arlington and while lifting heavy barrels onto a refuse truck, he sustained a heart attack from overexertion. Following his death on June 7, 1961, his widow filed a claim under G. L. c. 152, § 31, and as administratrix of the employee's estate. There was evidence that for approximately one year before February 27, 1957, the employee had a history of cardiovascular disease. A medical expert, who testified in behalf of his widow, was unable to relate the employee's death to the incident of February 27, 1957. The single member did not err in finding insufficient evidence to link the incident and the employee's disability. Her findings, which were adopted by the reviewing board and which are supported by evidence, must stand. *Josi's Case,* 324 Mass. 415, 418. See *Hartman's Case,* 336 Mass. 508, 511.

*Joseph S. Vahey (Dorothy A. Vahey* with him) for the claimant.

*Joseph A. Purcell,* Town Counsel, for the Town of Arlington.