## Brockton Public Markets, Inc. & others *vs.* Nicholas Jones & others.

Suffolk.    November 8, 1973. — March 7, 1974.

Present:    Tauro, C.J., Reardon, Quirico, Braucher, Hennessey, & Kaplan, JJ.

*Labor and Labor Union. Unlawful Interference. Boycott. Equity Pleading and Practice,* Injunction, Labor case. *Equity Jurisdiction,* Labor dispute.

*Jones* v. *Demoulas Supermarkets, Inc., ante,* 726, followed; Tauro, C.J., dissenting. [759-761]

Bill in equity filed in the Superior Court on July 17, 1973. The suit was reported by *Ford,* J.

*Nathan S. Paven* (*Alfred H. Sigman* of California & *Alan Radar* with him) for the defendants.

*Edward R. Lev* (*H. Peter Norstrand & Laura Steinberg* with him) for the plaintiffs.

Quirico, J.    The case of *Jones* v. *Demoulas Super Mkts. Inc.* and a companion case, *ante,* 726 (1974) (herein both referred to as the *"Demoulas"* case), which we have decided this day, involved the question "whether interlocutory decrees granting preliminary injunctions against a labor union and its sympathizers were or were not invalid for failure to comply with the procedural requirements of our labor statutes, notably our statute deriving from the familiar Federal Norris-LaGuardia Act." Despite a difference of some of the parties and in some of the allegations and proceedings, the present case involves the same question as the *Demoulas* case.

Each of the two cases was started by a bill in equity brought by a corporation which operated a number of supermarkets and by some other entities which owned the shopping centers in which the supermarkets were located. In

each case the bill named as defendants certain individuals alleged to be "either officers of, members of, or . . . otherwise affiliated with, the United Farm Workers Union, AFL-CIO . . . [UFW], a labor organization . . . [and that the] defendants are fairly representative of the class of members of the said [UFW]." The only individual who is named as a defendant in both bills is Nicholas Jones who is described therein as the "Boston Coordinator" of the UFW.

The bill in each of the two cases contains substantially similar allegations as to the conduct of the individual defendants in so far as they relate to the present limited issue of the validity of the disputed preliminary injunctions. It is therefore not necessary to repeat the summary of those allegations which is contained in today's decision in the *Demoulas* case.

In each of the two cases a judge of the Superior Court, acting alone and not as part of a three-judge court (G. L. c. 212, § 30), without hearing testimony and without making any findings of fact (G. L. c. 214, § 9A, as amended), entered an interlocutory decree containing a preliminary injunction prohibiting the defendants "from picketing, marching, demonstrating, harassing or intimidating customers or prospective customers of the . . . [plaintiff supermarkets], while on the property owned or leased by the plaintiffs, including the parking lots adjacent to said stores, if owned or leased by the plaintiffs."

The original order of notice served on the defendants in the present case was returnable to the Superior Court on July 17, 1973. All of the following events also occurred on that date, although the record does not show the order of occurrence: (a) the preliminary injunction described above was entered against the defendants; (b) the defendants filed a motion "in accordance with the provisions of . . . [G. L. c. 212, § 30,] for the appointment of three Justices to hear and determine the matters" in the present suit; (c) the defendants also filed a written request that "in accordance with the provisions of G. L. c. 214, § 9A (6) . . . a report of questions of law be made to the Supreme Judicial Court; [a]nd that,

pending such report, the proceedings . . . be stayed''; (d) the request for a report and stay was denied and the defendants excepted to the denial; and (e) the judge reported ''the cause . . . for the consideration and determination of the Supreme Judicial Court.'' On July 19, 1973, the motion for a three-judge court was denied. On July 23, 1973, the defendants filed a written claim of appeal from the entry of the preliminary injunction of July 17, 1973, and from the denial of their motion for a three-judge court on July 19, 1973.

The proceedings following the appeal from the interlocutory decrees in the *Demoulas* case are described in today's decision of that case. While the proceedings in the present case, summarized above, were different in some respects, no useful purpose would be served by analyzing the distinctions between them because ultimately the parties in this case presented for decision by this court the same interlocutory question which we have decided today in the *Demoulas* case. Our decision in the latter case therefore governs in the present case.

Accordingly, the preliminary injunction entered in the Superior Court on July 17, 1973, is vacated and the case is remanded to that court for further proceedings which comply with G. L. c. 212, § 30, and G. L. c. 214, § 9A, and which are otherwise consistent with this opinion and the opinion in the *Demoulas* case. This decision is limited to the procedural questions arising out of the issuance of the preliminary injunction which we have vacated. We intimate no opinion on any of the additional questions which are likely to arise in the course of further proceedings or at the trial of this case on the merits.

*So ordered.*

TAURO, C.J. (dissenting). I dissent for the reasons stated in my dissenting opinion in the *Demoulas* case. Unlike the defendants in that case, the defendants here did move for appointment of a three-judge court (G. L. c. 212, § 30) at the hearing on the preliminary injunction. That fact alone, however, does not alter the substance of my disagreement

with the majority. I would therefore uphold the judge's exercise of jurisdiction in this case.