NICHOLAS JONES *vs.* BROCKTON PUBLIC MARKETS, INC.

Plymouth.   October 9, 1975. — December 31, 1975.

Present: TAURO, C. J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Abuse of Process.   Practice, Civil,* Motion to dismiss.   *Damages,*
Counsel fees.   *Words,* "Process."

To avoid dismissal of an action for abuse of process the complaint
  must allege facts which show that process was used for an ulterior
  or illegitimate purpose with resulting damage to the plaintiff.
  [388-391]
An action for abuse of process was not stated by a complaint alleging
  that the defendant operator of retail supermarkets, as part of a
  coordinated attack with certain growers against a boycott of their
  products by the plaintiff's union, obtained a preliminary injunc-
  tion prohibiting the union from picketing the defendant's stores
  and published the injunction in a trade journal of wide circulation
  to encourage similar injunctions by other grocers; the only relevant
  process used by the defendant was that used to institute the action
  and that process was employed for the exact purpose for which it
  was designed, to litigate the rights of the parties with respect to
  the picketing.   [389-391]

CIVIL ACTION commenced in the Superior Court on July 1, 1974.

The case was heard by *Ford, J.,* on a motion to dismiss.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Seth Shenfield* for the plaintiff.

*Laura Steinberg* for the defendant.

TAURO, C.J.    This case is before us on appeal from a judgment entered in the Superior Court after the granting of the defendant's motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).    The sole issue is whether the plaintiff's complaint states a case of abuse of process.    We hold that it does not and we affirm the trial judge's dismissal of the complaint.

For the purpose of testing the correctness of the trial judge's ruling, "the allegations of the complaint are to be taken as true . . . ." *United States* v. *Mississippi,* 380 U.S. 128, 143 (1965).    Further, we accept as true "such reasonable inferences as may be drawn therefrom in [the plaintiff's] favor." *Murray* v. *Milford,* 380 F.2d 468, 470 (2d Cir. 1967).    Those allegations and inferences may be stated briefly.    The plaintiff is the New England Coordinator for the United Farm Workers Union of America, AFL-CIO (UFW); the defendant operates twelve retail supermarkets in Massachusetts.    The UFW has been engaged in a labor dispute with certain California growers, who, with the aid of the defendant, have planned a coordinated attack against the UFW's boycott of their products.    As part of this attack, the defendant secured a temporary restraining order and a preliminary injunction in the Superior Court prohibiting the UFW from picketing the defendant's retail store.[1]    The de-

---

[1] That injunction was subsequently vacated by this court because it was obtained from a single Superior Court judge rather than from a three-judge court. *Brockton Pub. Mkts. Inc.* v. *Jones,* 364 Mass. 759

fendant then published the injunction in a local trade journal "widely circulated among retail grocers in the New England area" to encourage other grocers to obtain similar injunctions, with the purpose of injuring the UFW's boycott efforts and its reputation for nonviolence. Other retail grocers subsequently obtained similar injunctions, effectively ending the UFW's picketing.

The plaintiff's argument is that the defendant's advertising of its injunction constituted an actionable abuse of process. That this argument is untenable under Massachusetts law is made clear by an examination of our cases on abuse of process.

In *Quaranto* v. *Silverman,* 345 Mass. 423, 426 (1963), we stated: "To constitute a cause of action for abuse of process 'it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.' *Gabriel* v. *Borowy,* 324 Mass. 231, 236 [1949], and cases cited." Furthermore, "[d]amage is an essential element of the tort." *Id.* at 427. *Ledgehill Homes, Inc.* v. *Chaitman,* 348 Mass. 777 (1964). Thus, to avoid dismissal under Rule 12 (b) (6), a plaintiff must allege facts which are sufficient to support the propositions that: (1) "process" was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage.

In order to bring his claim within the parameters of an action for abuse of process, the plaintiff argues that the injunction issued by the Superior Court judge can be considered "process" for purposes of such an action. However, he cites no Massachusetts cases to support this proposition, nor have any come to our attention. Undoubtedly this is because our cases on abuse of process have been limited to three types of process: writs of

(1974). See *Jones* v. *Demoulas Super Mkts. Inc.,* 364 Mass. 726, 742-743 (1974), where we vacated a similar injunction because it was "jurisdictionally improper."

attachment, e.g., *Quaranto* v. *Silverman,* 345 Mass. 423 (1963); *Swartz* v. *Brockton Sav. Bank,* 318 Mass. 66 (1945); *Reardon* v. *Sadd,* 262 Mass. 345 (1928); *Malone* v. *Belcher,* 216 Mass. 209 (1913); the process used to institute a civil action, e.g., *Elliot* v. *Warwick Stores, Inc.,* 329 Mass. 406 (1952); *Noyes* v. *Shanahan,* 325 Mass. 601 (1950); *Gabriel* v. *Borowy,* 324 Mass. 231 (1949); *Lorusso* v. *Bloom,* 321 Mass. 9 (1947); and, the process related to the bringing of criminal charges, e.g., *Leventhal* v. *Dockser,* 358 Mass. 799 (1970); *MacLean* v. *Naumkeag Trust Co.,* 268 Mass. 437 (1929); *White* v. *Apsley Rubber Co.,* 181 Mass. 339 (1902); *Wood* v. *Graves,* 144 Mass. 365 (1887). Thus, under our cases, in the context of abuse of process, "process" refers to the papers issued by a court to bring a party or property within its jurisdiction.[2]  Cf. *Union Sav. Bank* v. *Cameron,* 319 Mass. 235, 238 (1946); Mass. R. Civ. P. 4, as amended, 367 Mass. 917 (1975). Although the plaintiff has suggested that we broaden our definition of process to include injunctions, we decline to do so on the facts of this case.

Consequently, the only process relevant to this case was that used by the defendant to institute its suit seeking a preliminary injunction.  The plaintiff does not claim that the defendant used that process for an ulterior or illegiti-

---

[2] The plaintiff states in his brief that we have recognized that "an action for abuse of process may exist where there has been a misuse of the injunctive process."  In support of this statement, the plaintiff cites *Thayer Co.* v. *Binnall,* 326 Mass. 467 (1950).  Although that case was not one concerning abuse of process, we stated:  "The general rule is that one cannot recover damages arising from the wrongful issuance of an injunction against him in the absence of a bond given as a condition to the issuance of the injunction unless he can make out a case of malicious prosecution or abuse of process." *Id.* at 480.  However, this does not support the plaintiff's conclusion that an injunction constitutes "process" in an action of abuse of process.  Rather, the statement suggests that an action for abuse of process may be an appropriate remedy when a party uses the process necessary to institute a civil action, culminating in an injunction, for an ulterior or illegitimate purpose.

mate purpose. Nor could the plaintiff make such a claim on the record before us. The defendant used the relevant process for the exact purpose for which it was designed: litigating the rights of the parties with respect to the UFW's picketing of the defendant's stores. As we stated in *Noyes* v. *Shanahan*, 325 Mass. 601, 605 (1950): "In the present case the only process involved was the original writ in the action . . . and there was no offer to show that that writ was used for any purpose other than the one for which it was designed . . . ."

Because we hold the only process employed by the defendant (the initial action) was not used for an ulterior or illegitimate purpose, we need not discuss whether the plaintiff has alleged sufficient facts to show damage, the final element of the tort.

Two other points have been raised. The defendant argues that this is a frivolous appeal for which double costs are appropriate; and, that the commencement and appeal of this action were so unwarranted that the defendant should be awarded its reasonable attorneys' fees. We do not agree with the defendant that this was a frivolous appeal; nor is the granting of attorneys' fees appropriate on the facts of this case. Cf. *Hayeck Bldg. & Realty Co.* v. *Turcotte*, 361 Mass. 785, 793 (1972).

*Judgment affirmed.*