JOSEPH M. FERRARO *vs.* FIRST SAFETY FUND NATIONAL BANK. February 5, 1981. 1. Nothing alleged by the plaintiff or developed by him through affidavits or discovery suggests that the defendant bank acted

with an ulterior motive in requesting issuance of a criminal complaint under G. L. c. 266, § 82, against the plaintiff for concealment of mortgaged property. Accordingly, the trial judge correctly allowed the defendant's motion for summary judgment on the plaintiff's complaint for abuse of process.

Abuse of process consists of using process "to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." *Gabriel* v. *Borowy*, 324 Mass. 231, 236 (1949). *Quaranto* v. *Silverman*, 345 Mass. 423, 426 (1963). Restatement (Second) of Torts § 682 (1977). Moreover, some damage must have occurred as the natural and probable consequence of the misuse of process. *Quaranto* v. *Silverman*, 345 Mass. at 427. *Ledgehill Homes, Inc.* v. *Chaitman*, 348 Mass. 777 (1964). For the purposes of this tort, "process" refers to "the papers issued by a court to bring a party or property within its jurisdiction." *Jones* v. *Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 390 (1975). *Chemawa Country Golf, Inc.* v. *Wnuk*, 9 Mass. App. Ct. 506, 508. The only process employed by the defendant in the instant case was the criminal complaint for concealment of mortgaged property. There is no dispute on the record concerning the plaintiff's failure, after default on a note to the defendant bank, to produce a motorcycle in which he had given the bank a security interest. Therefore the bank was warranted in requesting the complaint under G. L. c. 266, § 82. The capias warrant which later issued for the plaintiff's arrest (which the plaintiff alleges led to the loss of his job) was not urged by the bank, but resulted from the plaintiff's failure to appear in court for a scheduled hearing. Compare *Cotter* v. *Nathan & Hurst Co.*, 218 Mass. 315, 316 (1914). Not only did the bank not direct or encourage the plaintiff's arrest, but it had no control over the criminal proceedings which led to that arrest. *Leventhal* v. *Dockser*, 358 Mass. 799 (1970).

2. The plaintiff's complaint against the bank under G. L. c. 93A, § 9, is defeated, as the plaintiff conceded at argument, by *Murphy* v. *Charlestown Sav. Bank*, 380 Mass. 738, 742-750 (1980).

*Judgment affirmed.*

*John W. Connors* for the plaintiff.
*Darragh K. Kasakoff* for the defendant.