Cowin, J.
This action arises out of a divorce proceeding between Dominick A. Genetti (“Dominick") and Phyllis P. Genetti (“Phyllis”). During the course of the divorce proceedings, Phyllis made allegations that Dominick had abused her, and she obtained a restraining order against Dominick pursuant to G.L.c. 209A. The Wilmington Police Department investigated the case, and the Middlesex District Attorney’s Office subsequently charged Dominick with violations of G.L.c. 209A. Dominick was found not guilty of the charges in Woburn District Court on February 19, 1993.
After his acquittal, Dominick filed the complaint in this action alleging slander, violations of the Massachusetts Civil Rights Act and abuse of process against Phyllis. Phyllis has moved to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) for failure to state a claim. For the reasons stated below, the motion to dismiss of defendant Phyllis is allowed as to the slander and civil rights counts but denied as to the abuse of process count of the complaint.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inference which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Slander
The first count of Dominick’s complaint against Phyllis is for slander, based upon statements she made to the police during their investigation. It is well settled that statements made to police or prosecutors as part of an investigation are absolutely privileged. Correllas v. Viveiros, 410 Mass. 314, 320-21 (1991). This is true even if the statements were made maliciously or in bad faith. Mezullo v. Maletz, 331 Mass. 233, 236 (1954). Consequently, the statements which Phyllis made to the police or prosecutors cannot form the basis of a cause of action for slander, and Count I of the complaint is to be dismissed.
Massachusetts Civil Rights Act
In Count II of the complaint Dominick incorrectly identifies his civil rights claim as one involving “M.G.L.c. 13, §11H and §111.” This Court will treat the complaint as if it were correctly pleaded under G.L.c. 12, §1II, the section of the Act which allows a plaintiff such as Dominick a private right of action. In order to state a cause of action under G.L.c. 12, §1II, a plaintiff must allege a “physical confrontation accompanied by a threat of harm.” Bally v. Northeastern, 403 Mass. 713, 719 (1989). Nowhere in the complaint does Dominick allege any act by Phyllis which would constitute either a physical confrontation or a threat. As a result, Count II of the complaint also fails to state a claim and will be dismissed.
Abuse of Process
Count III is one for abuse of process. To state a claim for abuse of process and “to avoid dismissal under Rule 12(b)(6), a plaintiff must allege facts which are sufficient to support the proposition that: (1) ‘process’ was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage.” Jones v. Brockton Public Markets, Inc., 369 Mass. 387, 389 (1975). Here, the facts alleged by Dominick barely suffice to escape dismissal. Although nowhere in the complaint does he allege that Phyllis used the “process” in either Probate Court or the criminal system for an ulterior or illegitimate purpose, pursuant to Mass.R.Civ.P. 12(b)(6), this Court must take as true any inference which can be drawn from the allegations of the complaint. Eyal, supra at 429. Taking such a liberal construction of Dominick’s complaint, the court may infer for the purposes of this motion that Phyllis’s actions in causing Dominick to appear repeatedly in Probate Court or in pursuing the 209A complaint were for an ulterior or illegitimate purpose. Consequently, Count III of Dominick’s complaint shall not be dismissed.
ORDER
For the foregoing reasons it is hereby ORDERED that Counts I and II of plaintiff Dominick A. Genetti’s complaint be DISMISSED pursuant to Mass.R.Civ.P. 12(b)(6). The motion to dismiss is DENIED as to Count III.