Doerfer, J.
INTRODUCTION
Plaintiffs Carol, Michael, and Thomas Bickford (“the Bickford children”) brought this action seeking a declaration that a prenuptial agreement between the defendant, Mary Bickford (“Mrs. Bickford”) and the plaintiffs’ deceased father (“Mr. Bickford”), was valid and enforceable against the defendant and seeking damages for fraudulent misrepresentation and for conversion. The defendant counterclaimed for a declaration that the prenuptial agreement was invalid and unenforceable, and for abuse of process. This matter is before the court on the plaintiffs’ motion for partial summary judgment on the defendant’s counterclaim for abuse of process. For the following reasons, plaintiffs’ motion for partial summaiy judgment is ALLOWED.
DISCUSSION
The undisputed facts are as follows: Carol Bickford, the original plaintiff in the matter, filed this action in April 1997, seeking a declaratoiy judgment that the prenuptial agreement between Mrs. Bickford and Mr. Bickford was valid and enforceable against Mrs. Bickford. The defendant moved to dismiss the action, claiming that Carol’s two brothers, Thomas Bickford and Michael Bickford, were necessary and indispensable parties. By order of the court, per King, J., Thomas and Michael joined the action as plaintiffs. Subsequently, Mrs. Bickford filed a counterclaim for *384 a declaration that the prenuptial agreement was invalid and unenforceable, and for abuse of process. In December 1999, this court declared the prenuptial agreement valid and enforceable against Mrs. Bickford [12 Mass. L. Rptr. 378).
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
The sole issue before this court is whether the plaintiff may be shown, based on the undisputed facts, to have brought this action “for an ulterior or illegitimate purpose" which has resulted in damage to the defendant, as a matter of law. Jones v. Brockton Public Markets, Inc., 369 Mass. 387, 389 (1975). To prevail in a cause of action for abuse of process, “it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.” Id. quoting Quaranto v. Silverman, 345 Mass. 423, 426 (1963), citing Gabriel v. Borowy, 324 Mass. 231, 236 (1949). The “misuse” of the process constitutes the misconduct for which liability is imposed. Quaranto v. Silver-man, supra at 426. Where the process is used for “the exact purpose for which it was designed: litigating the rights of the parties,” there is no abuse of process. Jones, supra at 391.
In this case, Mrs. Bickford claims that Carol Bickford commenced this action with the ulterior motive of collecting a greater share of her father’s estate than Mrs. Bickford believes she is entitled to. Even if this were true, Mrs. Bickford, as a matter of law, has failed to demonstrate an abuse of process. Massachusetts courts have found misuse of process where a defendant had obtained a judgment and instituted supplementary process to collect a debt known to have already been paid, Lorusso v. Bloom, 321 Mass. 9 (1947); where a defendant had successively attached wages to induce another to enter into a contract through fear of loss of job, Jacoby v. Spector, 292 Mass. 366 (1935); and, where a defendant had attached property to enforce a claim known to be groundless, Reardon v. Sadd, 262 Mass. 345 (1928). Here, the plaintiffs’ use of process does not rise to the level of “misuse” as defined under the law of this Commonwealth. The Bickford children served Mrs. Bickford with process for the exact purpose for which it was designed: to determine the validity of the prenuptial agreement. See Jones, supra at 391.
Accordingly, the plaintiffs have committed no wrong in connection with this use of process.
ORDER
For the foregoing reasons, plaintiffs’ partial motion for summary judgment on the defendant Mary Bickford’s abuse of process counterclaim, is ALLOWED.