**Alan G. FLETCHER, Plaintiff,**

v.

**Robert WAGNER, Defendant.**

**No. Civ.A. 00–30207–MAP.**

United States District Court,
D. Massachusetts.

Aug. 22, 2002.

Cornelius J. Moriarty, II, Moriarty & Wilson, Holyoke, MA, for Alan G. Fletcher, plaintiff.

Stewart T. Graham, Jr., Hampden, MA, for Robert Wagner, defendant.

John H. Fitz–Gibbon, Green, Miles, Lipton, White & Fitz–Gibbon, Northampton, MA, for City of Holyoke, counter-defendant.

### MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Docket No. 33)

PONSOR, District Judge.

Plaintiff has brought an action for common law abuse of process and malicious prosecution. The case appears in this federal court in a rather unusual posture, with removal jurisdiction based upon allegations contained in the defendant's counterclaim. The counterclaim has been severed and will be tried with a related case beginning in November. Following allowance of a short continuance, trial on the two counts now before the court has been scheduled for September 4, 2002.

Defendant's Motion for Summary Judgment on both counts was filed on July 8, 2002 and opposed on July 29. On August 12, 2002 the court denied the motion entirely by marginal notation, with the comment that a memorandum would follow.

■ Defendant's motion for summary judgment is anchored on several arguments. Virtually all these arguments implicate disputed issues of material fact and require no discussion. One point, however-

er, demands a careful look. It is undisputed that, although the defendant did apply for issuance of a criminal complaint for perjury against the plaintiff, both the clerk of court and the presiding justice denied the application, and the complaint never issued. Defendant argues that this undisputed fact—the absence of any actual complaint—entitles him to summary judgment on both counts.

As noted, the August 12 ruling denied defendant's motion on both counts. On further reflection, however, the court has concluded that, given the failure of the state court to issue the criminal complaint, plaintiff's claim for malicious prosecution cannot go forward. For the reasons set forth below, the defendant's motion for summary judgment on this count will be allowed; the ruling denying the motion for summary judgment on the abuse of process count will stand. The trial will proceed on that count alone.

■ Regarding the malicious prosecution claim, two federal judges have held that under Massachusetts law mere application for a criminal complaint, without issuance of the complaint, is insufficient to support a cause of action. *Varrasso Construction Corporation v. Difazio*, C.A. No. 88–1455–Z, 1989 WL 99299, *4, 1989 U.S.Dist. LEXIS 9990, at *16 (D.Mass. Aug.15, 1989); *Stromberg. v. Costello*, 456 F.Supp. 848, 850 (D.Mass.1978). Moreover, the RESTATEMENT (SECOND) OF TORTS § 654 (1976) states at Comment (d) that the mere fact of an application for a criminal complaint "does not justify a finding that [the defendant] has initiated criminal proceedings against the other. The proceedings are not instituted unless and until the warrant or summons is issued." Hornbook law is the same.

The proceeding must ... have been commenced. It is not enough that a mere complaint has been made to the

proper authorities for the purpose of setting prosecution in motion, where no official action ever has been taken. . . . W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 119 at 871 (5th ed.1984).

Finally, the "checklist of the plaintiff's case" for a claim of malicious prosecution, set forth at volume 17A of the MASSACHUSETTS PRACTICE, notes that the first element plaintiff must show is that a "prosecution commenced against him." 17A RICHARD W. BISHOP, MASSACHUSETTS PRACTICE § 39.21 at 609 (4th ed.1997).[1]

Despite these authorities, the court hesitated to grant summary judgment on the malicious prosecution claim for two reasons. First, accepting plaintiff's allegations as true, considerations of fairness appear to favor him. He was notified of the application for a criminal complaint in the Boston Municipal Court and, as a practical matter, had no choice but to travel to Boston and defend against the application, paying his lawyer a significant fee to represent him. Notice was taken of the application in the local media, and plaintiff alleges damage to his reputation as a result. Assuming all the other elements of a claim for malicious prosecution were satisfied, it seems arbitrary under these circumstances to throw out the claim simply because, after a hearing before the clerk and an appeal to the judge, no actual complaint ever issued against the plaintiff. The nature and extent of the damage to plaintiff were comparable to what he might have endured if the complaint had actually issued.

Second, *dicta* in the case of *Conway v. Smerling*, 37 Mass.App.Ct. 1, 635 N.E.2d 268 (1994), suggests that a claim for malicious prosecution may lie against an "importuning citizen" assuming all other elements of the claim are satisfied, even where on the facts of that case the complaint apparently did not issue. In that decision, however, the court's language was not essential to its holding, since the claim for malicious prosecution was found to be unsupportable in any event, based on the existence of probable cause and the absence of any evidence of malice on the part of the defendants.

In this admittedly cloudy environment, the stronger authority appears to be that in Massachusetts a claim for malicious prosecution will only lie if a criminal complaint actually issues. Mere application for a complaint will not be enough.

 The same cannot be said for a claim based on abuse of process. In contrast to a claim for malicious prosecution, a claim under this theory requires proof neither of a termination in the plaintiff's favor, nor want of probable cause. The Supreme Judicial Court has found that "process *related to* the bringing of criminal charges" is one of the three types of process supporting a claim for abuse of process. *Jones v. Brockton Public Markets*, 369 Mass. 387, 390, 340 N.E.2d 484 (1975) (emphasis supplied). Moreover, the Appeals Court in *Kelley v. Stop & Shop*, 26 Mass.App.Ct. 557, 530 N.E.2d 190 (1988), assumed that the mere application for a criminal complaint was sufficient to support a claim for abuse of process, where

---

1. *Smith v. Eliot Savings Bank*, 355 Mass. 543, 246 N.E.2d 437 (1969), also states that "[i]n an action for malicious prosecution, criminal proceedings are considered to have been commenced when the complaints are signed." *Id.*, at 548, 246 N.E.2d 437. Defendant argues that this language clearly bars plaintiff's claim; *Smith*, however, offers more of a hint

than a holding. *Smith* does not state explicitly that a malicious prosecution claim may go forward *only* when a complaint is signed, or that a mere application for a complaint, pursued with malice and without probable cause, may never provide the basis for a claim under this theory.

the application was filed for the ulterior purpose of interfering with the plaintiff's grievance proceedings.

For the foregoing reasons, the defendant's Motion for Summary Judgment is ALLOWED as to the claim for malicious prosecution and DENIED as to the claim for abuse of process. Trial, if necessary, will proceed on September 4, 2002 solely on the count for abuse of process.

It is So Ordered.