Roy L. STROMBERG

v.

Thomas F. COSTELLO.

Civ. A. No. 78–389–F.

United States District Court,
D. Massachusetts.

Aug. 16, 1978.

Harold W. Potter, Boston, Mass., for Stromberg.

Thomas F. Costello, pro se.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

This is an action for malicious prosecution, abuse of process and unfair or deceptive acts or practices. The Magistrate to whom this case was referred recommended that defendant's motion to dismiss for failure to state a claim upon which relief can be granted be denied in its entirety. On defendant's objections to that recommendation, the Court has reviewed the matter *de novo* and now grants defendant's motion.

█ As a preliminary matter, I note that this action was originally commenced in the Superior Court for Middlesex County (the "Superior Court") and was removed here on defendant's petition. The removal was technically improper since defendant is a resident of Massachusetts which is the state in whose courts the action was originally brought. *See* 28 U.S.C. § 1441(b). Since the plaintiff has proceeded here without objection to the removal, I find that he has waived his right to seek remand to state court. *See Woodward v. D. H. Overmyer Co.*, 428 F.2d 880 (2d Cir. 1970), *cert. denied*, 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971). Moreover, since the parties are in fact citizens of different states and the amount in controversy apparently exceeds $10,000, there is federal subject matter jurisdiction over this action. Against this background, I proceed to analysis of the issues raised by the motion.

The complaint purports to set forth six counts, two each for abuse of process and malicious prosecution, and two under Mass. Gen.Laws ch. 93A, § 11. The pertinent allegations may be summarized as follows. Through his business, plaintiff, a Vermont resident, provided labor and materials to defendant in connection with the drilling of certain wells. Plaintiff was unable to collect the agreed upon price of $6,028 and filed an action in the Superior Court to recover that amount. The action is still pending.

More than a year later, defendant filed an application for a criminal complaint for forgery against plaintiff in the District Court for Central Middlesex. After a hearing before the clerk, which was attended by both parties, the application was denied. Defendant appealed the denial to a judge of the District Court. After a hearing, the judge also denied the application. Defendant also filed an application for a criminal complaint for uttering a forged instrument against plaintiff in the Third District Court of Eastern Middlesex. A hearing on the application was held before the clerk, who denied the application. On appeal, a judge of the District Court again denied the application after a hearing. It is alleged that the applications and appeals were made falsely, maliciously and without probable cause for the purpose of inducing plaintiff to withdraw his civil action for amounts due him in connection with the drilling of the wells. Plaintiff further alleges that his health, reputation and earnings were damaged by defendant's actions.

█ I hold that the complaint does not state a claim for abuse of process. The essential elements of the tort of abuse of process are that: "(1) 'process' was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage." *Jones v. Brockton Public Markets, Inc.*, 340 N.E.2d 484, 485 (Mass.1975). While the complaint clearly alleges that defendant had an improper purpose and claims that plaintiff was in-

jured, there is no allegation that defendant actually used the applications for criminal complaints he filed to coerce the plaintiff to withdraw the civil action. The complaint alleges only that such was defendant's purpose. The *Restatement (Second)* states:

> For abuse of process to occur there must be *use* of the process for an immediate purpose other than that for which it was designed and intended. The usual case of abuse of process is one of some form of extortion, *using the process to put pressure upon the other* to compel him to pay a different debt or to take some other action or refrain from it.

*Restatement (Second) of Torts* § 682, Comment b at 475, (emphasis added). *See* W. Prosser, *The Law of Torts*, § 121 at 857 (4th ed. 1971). The Massachusetts authorities are in agreement that some improper use of the process is required. *E. g., Quaranto v. Silverman*, 345 Mass. 423, 187 N.E.2d 859 (1963); *MacLean v. Naumkeag Trust Company*, 268 Mass. 437, 167 N.E. 748 (1929).

■ I further hold that the complaint does not state a claim for malicious prosecution. The elements of an action for malicious prosecution are: (1) the institution or continuation of a proceeding, (2) with malice, (3) without probable cause, and (4) the termination of the proceeding in favor of the accused. *See* W. Prosser, *The Law of Torts*, § 119 at 835 (4th ed. 1971); *Restatement (Second) of Torts* § 653 at 406. The complaint at bar alleges that defendant twice applied for criminal complaints against the plaintiff and appealed from the denial of those applications, but the complaint does not state that any proceeding actually resulted. The *Restatement (Second)* states:

> c. *Initiation of criminal proceedings.* Criminal proceedings are initiated by making a charge before a public official or body in such form as to require the official or body to determine whether process shall or shall not be issued against the accused. Thus one who, personally or by a third person for whose conduct he is responsible under the law of agency, presents to a magistrate a sworn charge

upon which a warrant of arrest is issued, initiates the criminal proceedings of which the issuance of a warrant is the institution.

> *The making of the charge is not actionable, however*, under the rule stated in this Section *unless a prosecution actually results from it*, or, in other words, unless criminal proceedings are instituted against the accused by the tribunal or official before whom the charge is made in one of the ways described in § 654. If no such action results, the fact that a criminal charge has been made and considered by an agency of law enforcement gives no cause of action under the rule stated in this section, since the accused has not been subjected to prosecution as the result of the charge.

*Restatement (Second) of Torts* § 653, Comment c at 407, (emphasis added). Other commentators similarly speak of the requirement of official action beyond determining whether process shall or shall not be issued against the accused. *E. g.*, W. Prosser, *The Law of Torts*, § 119 at 836 (4th ed. 1971). A Massachusetts court has stated that criminal proceedings may be considered commenced when complaints are signed. *See Smith v. Eliot Savings Bank*, 355 Mass. 543 at 548, 246 N.E.2d 437 (1969). The allegations at bar indicate merely that defendant applied unsuccessfully for the issuance of such complaints. The Court of Appeals for the District of Columbia Circuit has recently stated that " . . . a private citizen who knowingly and maliciously presents false information to an official, but who fails thereby to cause process to issue, cannot be held liable for malicious prosecution." *Dellums v. Powell*, 184 U.S. App.D.C. 275 at 300, 566 F.2d 167 at 192 (1977) (per Wright, C. J.).

■ Finally, I hold that the complaint does not state a cause of action under Mass. Gen.Laws ch. 93A ("Chapter 93A"). While Chapter 93A was designed to reach a broad range of activities and to proscribe "unfair or deceptive acts or practices in the conduct of any trade or commerce," Mass.Gen.Laws ch. 93A, § 2, in a manner coextensive with

section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), *e. g., Lantner v. Carson*, 373 N.E.2d 973 (Mass.1978), I find the allegations of the complaint in this case insufficient to invoke the protective arms of Chapter 93A. Chapter 93A prohibits unfair practices "in the conduct of any trade or commerce." Mass.Gen.Laws ch. 93A, § 2. The face of the complaint reveals that defendant's applications for criminal complaints against the plaintiff were filed some three years after the disputed transaction between the parties took place. It would strain the wording of Chapter 93A to find that "the conduct of any trade or commerce" includes legal action taken by one party against another years after their business dealings have concluded. This is not a situation where the alleged misuse of the legal system has a sufficient nexus with the conduct of trade so as to justify regulation by a law designed to protect the latter. *Cf. California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972) (complaint alleging concerted action to institute proceedings to defeat competitors' applications for operating rights states a cause of action under federal trade laws). Moreover, with merely the improper intent and the filing of applications and appeals alleged, I seriously doubt that a Chapter 93A action would be justified even if the time span of the activities were shorter. It is likely that some coercive threat connecting the applications for criminal complaints with the business transaction would, as it is in the tort of abuse of process, be required.

For the foregoing reasons, defendant's motion to dismiss this action for failure to state a claim upon which relief can be granted is granted and the complaint is dismissed.

Motion GRANTED. Complaint DISMISSED.