**COMMERCIAL ASSOCIATES and Lechmere, Inc., Plaintiffs,**

v.

**TILCON GAMMINO, INC., Defendant.**

**Civ. A. No. 86–0748 L.**

United States District Court, D. Rhode Island, First Division.

Oct. 6, 1987.

David M. Campbell, Providence, R.I., for plaintiffs.

Louis V. Jackvony, Jr., Providence, R.I., John R. Fornaciari, P.C. & Robert M. Disch, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

The matter presented by the parties for decision concerns the nature of the Court's "removal jurisdiction" under 28 U.S.C. § 1441(b). The section of that statute in dispute provides that any non-federal action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." At issue in this matter is whether a plaintiff may waive his right to move for remand under § 1441(b), and if so whether plaintiffs here have in fact, made such a waiver.

Tilcon-Gammino, Inc. is a Delaware corporation engaged in the sale and application of aggregates and bituminous concrete and construction services in the States of Connecticut, Rhode Island and Massachusetts. It is alleged that Tilcon-Gammino also "operates" approximately 280 acres in Cranston, Rhode Island by maintaining an office building, equipment building, welding shop, tire shop, asphalt plant and warehouse on the property.

Tilcon, Inc. is the parent corporation of Tilcon-Gammino; it is incorporated in Connecticut and allegedly has no other operations other than owning and managing Tilcon-Gammino and other subsidiaries. For instance, Tilcon purportedly provides accounting services, sets the capital requirements and determines insurance needs for Tilcon-Gammino.

Finally, plaintiffs Commercial Associates and Lechmere, Inc. are a general partnership and corporation organized under the laws of Massachusetts and Minnesota, respectively. Commercial Associates is the owner and developer of a shopping center named "Bald Hill Plaza" located in Warwick, Rhode Island. Lechmere is a purported grantee of a portion of the Bald Hill Plaza.

This case originated in the Rhode Island state court system when Tilcon-Gammino filed a petition for the enforcement of a mechanics lien against the Plaza property owned by Commercial Associates and Lechmere. Tilcon-Gammino alleged that Commercial Associates and Lechmere owed it approximately $2,200,000.00 for work done on the premises.

This suit, however, did not settle the dispute between the parties. In November of 1986, Commercial Associates and Lechmere filed a second suit in the Kent County Superior Court against Tilcon-Gammino. In that action, Commercial Associates alleged that on February 8, 1985, it had entered into an agreement with Tilcon-Gammino in which the latter party was to perform excavation and paving on plaintiff's property. Commercial Associates alleged Tilcon-Gammino breached their agreement by performing work which the agreement did not authorize. More importantly, in entering into the agreement, Tilcon-Gammino appears to have conceded that its principal place of business was located in Cranston, Rhode Island. The agreement provides in part:

> This agreement entered into on the *8th* day of *February* AD 1985 by and between *COMMERCIAL ASSOCIATES* a limited partnership, organized under the Laws of the Commonwealth and Massachusetts, with its principal place of business located at *183 State Street, Boston, Massachusetts 02109* hereinafter called the *OWNER* and *TILCON GAMMINO, INC.* A corporation organized under the Laws of the State of Delaware with its principal place of business located at 875 Phenix Avenue, Cranston, R.I. 02920.

On December 12, 1986, Tilcon-Gammino petitioned to remove the case from the Kent County Superior Court to this Court under 28 U.S.C. § 1441(a). Jurisdiction was premised upon 28 U.S.C. § 1332 which provides that a matter may be removed to a federal district court which exceeds $10,-000 and is between citizens of different states. Along with this petition for removal, Tilcon-Gammino filed an Answer and

Counterclaims against plaintiffs, Commercial Associates and Lechmere. The counterclaims primarily sounded causes of action under the common law—breach of contract, fraud, etc; however, Count VI of Tilcon-Gammino's Answer and Counterclaims alleged plaintiffs had violated § 1962(c) and § 1962(d) of the Racketeer Influenced and Corrupt Organizations Act (RICO) by committing "repeated acts of mail and wire fraud."

In February of 1987, plaintiffs moved to remand the entire matter back to the Kent County Superior Court. The basis of this motion essentially was that the Court had "discretion" to remand and should do so because it would further "judicial economy" if all claims pending in this Court were heard together with the mechanics lien proceeding pending in the state superior court. The Court denied this motion after hearing.

Both before and after the motion to remand was decided, a substantial amount of discovery took place between the parties. Much of this discovery necessitated action by either the Court or the Magistrate. For example, Tilcon-Gammino requested the production of documents; Commercial Associates and Lechmere filed an objection with the Court. Tilcon-Gammino then moved for an order to compel the production of documents. On March 4, 1987, the Magistrate ordered that plaintiffs produce "all documents responsive to Tilcon-Gammino's request." This order was later vacated by the Magistrate on March 13th.

On March 6, 1987, notice of deposition was mailed to counsel for plaintiffs indicating that a deposition would be taken of the Keeper of Records of the Fleet National Bank on March 16, 1987. In addition, a subpoena duces tecum was served upon the Keeper of Records in connection with this deposition.

In response to this strategy, Commercial Associates moved for a protective order and to quash the subpoena duces tecum. On March 19, 1987, the Magistrate denied plaintiffs' motion and ordered the production of documents pursuant to the subpoena.

In early April, Commercial Associates appealed that ruling to this Court. Tilcon-Gammino, at the same time, moved to compel Commercial Associates and Fleet National Bank to comply with the Magistrate's Order and to impose sanctions. Commercial Associates objected. In May of 1987, the Court upheld the Magistrate on Commercial Associates' appeal of the Magistrate's March 19th Order.

The present issue surfaced in late May of 1987, when plaintiffs Commercial Associates and Lechmere filed a second motion to remand the case to the Kent County Superior Court pursuant to 28 U.S.C. § 1447(c). That statute provides that a district court shall remand the case if it appears that it was removed improvidently and without jurisdiction.

The nub of plaintiffs' contention is that defendant Tilcon-Gammino maintains its principal place of business in Cranston, Rhode Island, and thus, under 28 U.S.C. § 1322(c) is a "citizen" of the State of Rhode Island. As such, plaintiffs claim that removal was "without jurisdiction" under 28 U.S.C. § 1441(b) which forbids removal of an action to federal court where the defendant is a citizen of the state in which the action is brought. Tilcon-Gammino filed an opposition to plaintiffs' motion to remand alleging that it maintained its principal place of business in New Britain, Connecticut, not in Cranston, Rhode Island.

Oral argument was heard on the matter on August 5, 1987. At this hearing two additional issues surfaced. First, whether plaintiffs had waived their right to move that the matter be returned to the state court. Secondly, whether this Court still had independent federal jurisdiction to retain Tilcon-Gammino's counterclaims. As a result of the novelty of these issues, the parties were given an additional week to file supplementary memoranda. By August 12th, all memoranda had been submitted with the Court and the matter is now in order for decision.

Initially, the issue presented by the parties for decision was whether Tilcon-Gammino, Inc. is a "citizen" of the State of

Rhode Island for the purposes of § 1441(b). At oral argument, however, the question arose whether plaintiffs had waived their right to move that the action be remanded to the Kent County Superior Court based upon defendants' failure to comply with § 1441(b). In addition, there arose the issue of whether the Court had independent federal jurisdiction to retain Tilcon-Gammino's counterclaims even if plaintiffs' complaint was remanded to the state court. Since the question of waiver is dispositive of the present matter the Court need not address the citizenship and independent federal jurisdiction issues.

The seminal modern case interpreting the doctrine of waiver in this context is *Woodward v. Overmyer Co.*, 428 F.2d 880 (2nd Cir.1970) *cert. denied*, 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971). In that case, defendants petitioned to remove a foreclosure action from the Supreme Court of New York for Albany County to the appropriate federal district court. *Id.* at 882. Removal was apparently accomplished successfully and the matter went to final judgment. Upon appeal, however, defendants asserted that the matter should have been remanded to the state court under § 1441(b) because they were "citizens" of New York—the state where the action was brought.

While the Court, per Judge Friendly, conceded that the petition for removal was invalid under § 1441(b), it proceeded to hold that this fact did not necessarily mandate remand.

> [I]f the plaintiff made no timely request for remand, the situation could be considered to be as if the plaintiff had brought the action in the federal court and, if jurisdiction would have existed in that event, objection on the score of non-removability would be deemed waived.

*Id.* at 882.

This rule had its origins in both law and policy. Unlike its sister section 1441(a), § 1441(b) was not jurisdictional in the true sense since it did not authorize the removal of diversity cases to the federal courts. *Id.* at 882; *see* 14A C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE AND PRO-CEDURE § 3723 (1985). Moreover, the rule had the admirable result of ameliorating the harsh consequences which followed from allowing challenges to federal "subject matter jurisdiction" at any stage in the proceedings. *Woodward* at 882. Although the *Woodward* Court conceded that this interpretation of § 1441(b) was "rather shaky," it nonetheless adopted the rule as law in the Second Circuit. *Id.* at 882–83.

Since *Woodward*, two other circuits have followed Judge Friendly's interpretation of § 1441(b). *McKay v. Boyd Const. Co.*, 769 F.2d 1084, 1087 (5th Cir.1985); *American Oil Co. v. McMullin*, 433 F.2d 1091, 1094–1095 (10th Cir.1970). In addition, a number of district courts have adopted the *Woodward* court's position. *Recchion v. Kirby*, 637 F.Supp. 290, 294 (W.D.Pa.1986); *Stromberg v. Costello*, 456 F.Supp. 848, 849 (D.Ma.1978). Given the meritorious policy underpinning the *Woodward* Court's decision, as well as the numerous and distinguished authorities which have accorded with that court's ruling, this Court holds that a motion to remand, if not timely, may be waived under § 1441(b).

It is only necessary then to apply the doctrine of waiver to the facts of the present case. As in *Woodward*, this is not a case where the Court's diversity jurisdiction is the subject of dispute. Had plaintiffs initially filed their breach of contract action in this Court, diversity jurisdiction would have been present. Likewise, if Tilcon-Gammino had suited first here. Plaintiffs, Commercial Associates and Lechmere are citizens of Massachusetts and Minnesota respectively; defendant Tilcon-Gammino, whether a citizen of Rhode Island or Connecticut, is still a "citizen" of a different State than the former parties for the purposes of § 1332(a). Plaintiffs' assertion, then, at oral argument that failure to remand the case throws into question the Court's diversity jurisdiction under § 1332(a) is meritless.

As in *Woodward*, plaintiffs failed to raise their motion to remand in a timely fashion. Commercial Associates and Lechmere became aware of the fact that Tilcon-Gammino's purported principal place of

business was located in Cranston, Rhode Island as early as February 8, 1985. The agreement between the parties stated as much. Moreover, Tilcon-Gammino admitted that its principal place of business was located in Cranston, Rhode Island in its December 1986 answer and counterclaim. They failed to deny the assertion of this very fact in plaintiffs' state court complaint.

Despite these apparent concessions by defendant, plaintiffs did not move for remand in early 1987 upon § 1441(b) grounds. Instead plaintiffs moved to remand the matter on an entirely different basis; i.e., that judicial economy would be furthered by consolidating the present matter with the mechanics lien proceeding in state court. That motion to remand was properly denied.

Approximately three months passed before a second motion to remand was made. During this time a considerable amount of discovery was undertaken by the parties. This included a request for production of documents and the deposition of the Fleet National Bank's Keeper of Records.

Much of the discovery that occurred during this time, in turn, required some action by the Court or the Magistrate. For instance, in March of 1987, the Magistrate had to rule on a motion to compel the production of documents, a motion for a protective order and a motion to quash a subpoena duces tecum. Both the motion to compel and the motion to quash were subsequently appealed to the Court which upheld the Magistrate's rulings.

From this set of facts, it is clear that plaintiffs' motion to remand for failure to comply with § 1441(b) is untimely. It was not until after a substantial amount of discovery had taken place, much of which necessitated action by either the Court or the Magistrate, that plaintiffs made their motion to remand. Were the Court now to remand the case (or part thereof) to the state court, all the time and effort it has expended upon the matter would be rendered meaningless. Plaintiffs' failure to prosecute their motion to remand in a timely fashion, thus, constitutes a waiver of such motion.

For all the above reasons, plaintiffs' motion to remand the case to the Kent County Superior Court pursuant to 28 U.S.C. § 1447(c) for defendant's failure to comply with 28 U.S.C. § 1441(b) is denied.

*It is so Ordered.*