**Andres Maeso SCHROEDER, et al., Plaintiffs**

v.

**Maria Teresa DE BERTOLO, et al., Defendants.**

**Civil No. 93–1797 (JP).**

United States District Court, D. Puerto Rico.

Jan. 18, 1996.

José F. Quetglas Alvarez, San Juan, P.R., for Plaintiffs.

Rosa M. Nogueras de González, San Juan, P.R., Juan B. Soto Balbas, San Juan, P.R., Jaime E. Morales Morales, San Juan, P.R., and Ramonita Dieppa González, Servicios Legales de Puerto Rico, San Juan, P.R., for Defendants.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it plaintiffs' motion to dismiss codefendant María Teresa de Bertolo's counterclaim, and codefendant's motion in opposition to motion to dismiss (docket Nos. 113 and 117).

## I. INTRODUCTION

This is an action for monetary damages pursuant to the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3604(f) and § 3617 (1988). During 1981–82, Rosa Amalia Maeso Schroeder purchased a condominium unit in Concordia Gardens Condominium ("Concordia"). Throughout the time Ms. Schroeder lived in Concordia, she suffered from mental illness, until she committed suicide on June 5, 1993. Plaintiffs are Ms. Maeso Schroeder's brothers and sister, suing in their capacity as legal representatives of the estate of their deceased sister, as well as their personal capacity. Defendants are members of the Board of Directors of Concordia Gardens Condominium Association and the handyman who worked at the Condominium.

Plaintiffs allege that defendants initiated groundless claims against decedent for breach of the peace and misappropriation of common property, threatened to file groundless criminal charges against decedent, and entered decedent's dwelling without her consent to search for common property that decedent had allegedly taken from the common areas. Through these actions, plaintiffs allege that defendants intimidated Ms. Maeso Schroeder and intentionally prohibited her from using the common areas at the Concordia Gardens Condominium because of her mental illness.

Codefendant María Teresa de Bertolo filed a counterclaim which generally asserts two causes of action: malicious prosecution and libel. In essence, codefendant denies that she engaged in any discriminatory act which might have lead decedent to commit suicide, and contends that plaintiffs' failure to properly care for their sister caused her death. Therefore, codefendant asserts that plaintiffs have engaged in malicious prosecution against codefendant and defamation and libel through their pattern of false accusations, stating that codefendant was legally responsible for decedent's suicide.

Plaintiffs have filed this motion to dismiss asserting the following four bases for dismissal: any statements made during the criminal proceedings, or during this civil proceeding are immune from liability; that the counterclaim fails to state a claim for malicious prosecution; that the counterclaim is time barred; or that codefendant waived any right to file a counterclaim when she neglected to raise the counterclaim in her first answer to the complaint. For the reasons set forth below, plaintiffs' motion to dismiss is hereby **GRANTED**.

## II. RULE 12(b)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The court shall analyze the complaint to determine whether there ·are "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). In deciding a motion to dismiss, the court must accept as true the well-pleaded factual averments con-

tained in the complaint, while at the same time drawing all reasonable inferences therefrom in favor of the plaintiff. *See McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 276, 96 S.Ct. 2574, 2576, 49 L.Ed.2d 493 (1976); *Correa–Martínez v. Arrillaga–Beléndez,* 903 F.2d 49, 51 (1st Cir.1990).

## III. MALICIOUS PROSECUTION

■ There is no specific provision creating a cause of action for malicious prosecution in the Puerto Rico Civil Code. Article 1802, however, provides that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R.Laws Ann. tit. 31, § 5141. Just as in common law jurisdictions, there are four elements to malicious prosecution under Puerto Rico law: i) malicious institution or instigation of criminal proceedings against the claimant; ii) without probable cause; iii) which ended favorably for the claimant; and iv) whereby the claimant suffered damages. *Raldiris v. Levitt & Sons,* 103 P.R. Dec. 778, 781 (1975). Failure to prove any one of these elements precludes recovery.

■ Codefendant in the case at bar has failed to allege facts which, if proven to be true, would establish each distinct element of the cause of action, in order to withstand a motion to dismiss for failure to state a claim.

To the extent that the counterclaim alleges that the predicate cause of action for the claim of malicious prosecution is the criminal investigation involving decedent's death, those allegations fail. Plaintiffs never filed a criminal complaint against codefendant for the death of their sister. Upon the discovery of decedent's death, the police were called to investigate the circumstances surrounding the death. During the course of the investigation, the police interviewed witnesses and other individuals who might have had information regarding decedent's death. Nevertheless, it is an undisputed fact that the autopsy revealed that the death was a suicide. Thereafter, the police ceased its investigation.

■ There was never a criminal complaint, charge or information filed against codefendant de Bertolo involving decedent's death. This glaring omission prevents codefendant's allegations from stating a claim for malicious prosecution. *See Boschette v. Buck,* Civil No. 93–1528 (JP), —— F.Supp. —— (D.Puerto Rico 1995) (entered on December 20, 1995, and sent for publication) (discussion of the tort of malicious prosecution involving a criminal complaint). "The making of the charge is not actionable, . . ., unless a prosecution actually results from it . . ." Restatement (Second) of Torts § 653, cmt. c (1977). A necessary element of the claim for malicious prosecution based upon a criminal proceeding is that the defendant cause the criminal justice system to unjustifiably prosecute plaintiff. "It is not enough that a mere complaint has been made to the proper authorities for the purpose of setting prosecution in motion, where no official action ever has been taken." W. Page Keeton, et al., Prosser and Keeton on the Law of Torts § 119, at 871 (5th ed. 1984); *see also Stromberg v. Costello,* 456 F.Supp. 848, 850 (D.Mass.1978) (complaint did not state a claim for malicious prosecution because no proceeding actually resulted, despite the fact that defendant twice applied for criminal complaints against the plaintiff and appealed the denials of the complaints).

■ Moreover, even if plaintiffs had intentionally and maliciously provided false information to the police during an investigation, that conduct would be an insufficient basis to state a cause of action for malicious prosecution if no criminal process actually resulted. *Melvin v. Pence,* 130 F.2d 423, 425 (D.C.Cir. 1942); *Dellums v. Powell,* 566 F.2d 167, 192 (D.C.Cir.1977), *cert. denied* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). Therefore, codefendant's allegations that plaintiffs complained about codefendant's allegedly discriminatory acts to the police during the criminal investigation of their sister's suicide are insufficient to demonstrate that a criminal proceeding was brought against codefendant de Bertolo at plaintiffs' request.

■ To the extent that the counterclaim alleges that the case at bar constitutes unjustifiable litigation, those allegations must also fail. There has been no final determination of the case at bar regarding plaintiffs'

allegations that codefendant de Bertolo engaged in discriminatory acts by intimidating decedent and preventing her from using the common areas in the condominium based upon her mental condition, in violation of the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3604(f) and § 3617 (1988). It is axiomatic that a counterclaim asserting malicious prosecution is premature where the claim relies on the current lawsuit as the predicate for establishing the elements of the tort. *Mi–Jack Prod. v. International Union of Operating Eng'rs, Local 150,* 1995 WL 115516, *2, 1995 U.S.Dist. LEXIS 3155, *4–5 (N.D.Ill.1995); *Aetna Casualty and Surety Company v. Kellogg,* 856 F.Supp. 25, 29 (D.N.H.1994); and *Hydranautics v. Filmtec Corp.,* 70 F.3d 533, 536–37, 1995 U.S.App. LEXIS 31981, *9–10 (9th Cir.1995); *Shulman v. Miskell,* 626 F.2d 173, 176, n. 10 (D.D.C.1980).

Therefore, codefendant's counterclaim fails to state a claim for malicious prosecution whether it is based upon the criminal investigation of decedent's death or upon the Complaint in the case at bar.

## IV. LIBEL

The cause of action of libel is specifically created by the Puerto Rico Civil Code. P.R.Laws Ann. tit. 32, § 3141, *et seq.* "Libel is the malicious defamation of a person made public ... tending to subject him to public hatred or contempt ..." P.R.Laws Ann. tit. 32, § 3142.

■■■ Codefendant asserts, in essence, that plaintiffs have falsely accused her of alleged discrimination which caused decedent's death, when they knew that decedent intentionally committed suicide and that plaintiffs failed to comply with their duty to care for their sister. More specifically, the counterclaim states that "[e]ver since the criminal investigation of this case, and up to the present, Plaintiffs have constantly and falsely, accused and or publicly defamated [sic] codefendant Mariá Teresa Bertolo. This acts [sic] have been done knowingly and willfully and with the malicious intention of damaging codefendant María Teresa Bertolo." (Counterclaim, docket No. 67, ¶ 8.) However, the counterclaim does not specify any other details regarding the allegedly defamatory statements. For the purposes of a motion to dismiss for failure to state a claim, this Court will interpret the allegations of the counterclaim broadly and liberally.

■■■ Nevertheless, the counterclaim fails. First, the Civil Code of Puerto Rico provides that "[a] publication or communication shall not be held or deemed malicious when made in any legislative or judicial proceeding." P.R.Laws Ann. tit. 32, § 3144. Therefore, most statements made during the course of judicial proceedings are immune. *Jiménez v. Silén,* 132 D.P.R. ——, 92 J.T.S. 95, 9725, at 9726 (1992). To the extent that codefendant's counterclaim relies upon statements made by plaintiffs during the criminal investigation of decedent's death, those statements are an insufficient basis to state a claim for libel. Those statements, made to police officers during the investigation of a potential crime, form part of a criminal, judicial investigation, and are therefore, immune from prosecution for defamation/libel. Moreover, to the extent that codefendant's counterclaim relies upon statements made by plaintiffs during the present civil proceedings, those statements are also an insufficient basis to state a claim for libel. Those statements relating to plaintiffs allegations against codefendant for her alleged discriminatory conduct against decedent which lead decedent to commit suicide, form part of a civil judicial proceeding. The allegations contained in the Complaint are likewise immune from prosecution for libel. *Jiménez,* 92 J.T.S. 95 at 9726.

Codefendant has failed to specify any other particular statement from which she asserts the claim for libel. When confronted with this weakness in her argument, codefendant asserts that she need not inform the Court of all the statements which she alleges are false, since those statements can be further identified during discovery. This contention is mistaken. In opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Technology,* 950 F.2d 13, 22 (1st Cir.1991). Rather, the plaintiff has an affirmative responsibility to put her best foot forward in an effort

to present a legal theory that will support her claim. *Id.* at 23 (citing *Correa–Martinez,* 903 F.2d at 52; *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989); *Ryan v. Scoggin,* 245 F.2d 54, 57 (10th Cir. 1957) ("No amount of interpretive liberality can save chestnuts so poorly protected from the hot fire of dismissal"). Codefendant's failure to elaborate upon her claim of libel is fatal to this cause of action.

## V. CONCLUSION

For the foregoing reasons, plaintiffs' motion to dismiss codefendant's counterclaim is hereby **GRANTED**. Partial Judgment shall be entered accordingly.

IT IS SO ORDERED.