Alexis **SANTIAGO IRIZARRY**, et al., Plaintiffs

v.

Jose A. **MALDONADO APONTE**, et al., Defendants

No. CIV. 01–2177(SEC).

United States District Court, D. Puerto Rico.

Dec. 23, 2003.

José Rafael Santiago–Pereles, Ponce, PR, for Plaintiffs.

Gloria Robison–Guarch, Commonwealth Dept. of Justice, Federal Litigation Division, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Defendants' motion for summary judgment (Dockets ## 34, 36), Plaintiffs' opposition (Docket # 43), and Defendants' reply (Docket # 47). Upon careful review of the parties' arguments, and the applicable law, Defendants' motion for Summary Judgement will be **GRANTED in part and DENIED in part.**

**Standard of Review**

Fed.R.Civ.P. 56(b) provides that: "A party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part [of the claims asserted against him/her]." The Court may grant the movant's motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986); *NASCO, Inc. v. Public Storage, Inc.,* 29 F.3d 28 (1stCir.1994). "The principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists." Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2725, p. 401.

In this regard, the First Circuit Court of Appeals has noted that for a dispute to be "genuine," there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party. *U.S. v. One Parcel of Real Property,* 960 F.2d 200, 204 (1st Cir.1992); *see also Boston Athletic Assn. v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989); *Medina Muñoz v. R.J. Reynolds Tobacco,* 896 F.2d 5, 8 (1st Cir.1990) ("[a] 'genuine' issue is one that must be decided at trial because the evidence, viewed in the light most favorable to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party.") (citations omitted).

By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. *Morris v. Government Development Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir. 1994). "A fact is material if it tends to resolve any of the issues that have been properly raised by the parties." Wright, Miller & Kane, *supra,* § 2725 at p. 419. "Not every genuine factual conflict necessitates a trial. It is only when a disputed fact has the potential to change the outcome of the suit under the governing law if found favorably to the nonmovant that the materiality hurdle is cleared." *Martínez v. Colón,* 54 F.3d 980, 983–984 (1st Cir. 1995).

In addition, when determining whether to grant summary judgment, the Court may not weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, not room for the measured weighing of conflicting evidence such as the trial process entails." *Id. (citing Greenburg v. Puerto Rico Maritime Shipping Authority,* 835 F.2d 932, 936 (1st Cir.1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machines,* 42 F.3d at 684.

While the moving party has the burden of initially establishing that there is "an absence of evidence to support the non-moving party's case", *Maldonado–Denis v.*

*Castillo–Rodríguez,* 23 F.3d 576, 581 (1st Cir.1994); the nonmovant has a "corresponding obligation to offer the court more than steamy rhetoric and bare conclusions." *Lawton v. State Mutual Life Assurance Company of America,* 101 F.3d 218, 223 (1st Cir.1996). Furthermore, "the nonmovant must produce specific facts, in suitable evidentiary form' sufficient to limn a trialworthy issue .... Failure to do so allows the summary judgment engine to operate at full throttle." *Id.; see also Kelly v. United States,* 924 F.2d 355, 358 (1st Cir.1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); *Medina–Muñoz,* 896 F.2d at 8, (*quoting Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.")

Local Rule 7(a)[1], moreover, requires the moving party to file annexed to the motion "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." Unless the non-moving party controverts this statement, all the material facts set forth therein "shall be deemed to be admitted." *Id.* This is the so-called "anti-ferret rule." *See, e.g., Orbi, S.A. v. Calvesbert & Brown,* 20 F.Supp.2d 289, 291 (D.P.R.1998). While failure to comply with this rule does not automatically warrant the granting of summary judgment, "it launches the non-movant's case down the road toward an early dismissal." *Tavárez v. Champion Products, Inc.,* 903 F.Supp. 268, 270 (D.P.R.1995).

**Factual Background**

This is an action for money damages brought under 42 U.S.C. § 1983 for the alleged violation of Plaintiffs' Fourteenth Amendment rights to due process and equal protection. Plaintiffs have also filed other claims invoking the Court's supplemental jurisdiction. Defendants have moved for summary judgment, premised on the assertion that Plaintiffs' rights have not been violated.

The events giving rise to the complaint in the case at bar took place on September 4, 2004. On that date, Plaintiffs, Alexis Santiago Irizarry and María M. Irizarry Echevarría (Mr and Mrs. Irizarry), were arrested by Defendants patrolmen of the Puerto Rico Police Department José Maldonado Aponte, Marcos Velázquez, Ivelisse Castillo and Ramón Ortiz (Defendants). Mr. Irizarry was first stopped for an alleged traffic violation and later arrested after Co-defendant Maldonado allegedly saw him pull out from his pocket what looked like a transparent bag filled with white powder, run to the bathroom of his mother-in-law's residence, and flush the object down the toilet. Mrs. Irizarry was arrested for her alleged interference with Defendants as they arrested her husband. On the other hand, Plaintiffs contend that Defendants assaulted and battered Mr. Irizarry at his mother-in-law's house when they entered the dwelling without authorization or search warrant, after he had gone into the house to tend a bleeding wound.

In addition, Plaintiffs have also sued Defendant Police Sergeant Muñiz, the officer in charge at the time relevant to the events alleged in the complaint, for his alleged failure to properly train the police officers under his authority and ensure

---

1. Formerly codified as Local Rule 311(12).

that those officers competently carry out their duties.

**Applicable Law and Analysis**

### 1) Section 1983

█ In the instant case, Defendants assert their entitlement to qualified immunity. Qualified immunity constitutes a right not to stand trial or face the burdens of litigation. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The procedures regarding qualified immunity allow for judicial review, *via* certiorari, on the qualified immunity issue. *Id.* at 207. Thus, in order to avoid subjecting state officials to unnecessary and burdensome discovery or trial proceedings, district courts and courts of appeal should rule on the qualified immunity issue from the beginning, focusing on the characterization of the constitutional right in controversy and deciding, whether from the facts alleged in the complaint, a constitutional violation could be found. *See Id.* at 201; *Judge,* 160 F.3d at 73.

█ A defendant can establish a qualified immunity defense in one of three ways:

> First, the defense should be sustained if the court finds that it was not clear at the time of the official acts that the interest asserted by plaintiff was protected by a federal statute or the Constitution. Second, even if the interest asserted by the plaintiff was clearly of a type generally protected by federal law, the defendant is entitled to immunity as a matter of law, if it was not clear at the time of the acts at issue that an exception did not permit those acts. Third, even if the contours of the plaintiffs federal rights and the official's permissible actions were clearly delineated at the time of the acts complained of, the defendant may enjoy qualified immunity if, it was objectively reasonable for him to believe that his acts did not violate those rights.

*Walsh v. Franco,* 849 F.2d 66, 69 (2nd Cir.1988), *citing Robison v. Via,* 821 F.2d 913, 920–921 (2nd Cir.1987). Thus, the qualified immunity inquiry is composed of a three-prong test: 1) does the complaint state a claim for relief of a constitutional right?; 2) if it does, was the constitutional right clearly established at the time of the facts alleged in the complaint?; and 3) was it objectionably reasonable for the officer to believe his actions did not violate the claimant's federally protected right?

The First Circuit Court of Appeals has held that only acts committed by state officers that reflect a reckless and/or callous indifference towards a person's rights are considered as violating constitutional rights. *See Landol–Rivera v. Cosme,* 906 F.2d 791, 796 (1st Cir.1990); *Germany v. Vance,* 868 F.2d 9, 18 (1st Cir.1989). Similarly, the Supreme Court has held that "deliberate indifference" means more than ordinary and gross negligence. *See City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). In *DesRosiers v. Moran,* 949 F.2d 15, 19 (1st Cir.1991), the First Circuit held that the deliberate indifference element requires that the plaintiffs prove "that the defendants had a culpable state of mind and intended want only to inflict pain. . . ." *See DesRosiers,* 949 F.2d at 19.

█ In cases where the plaintiff alleges a violation of his or her civil rights, as the one before us, the courts have required plaintiff to "allege particular facts sufficient to outline specific instances of unlawful discrimination". *Dartmouth Review v. Dartmouth Coll.,* 889 F.2d 13, 16 (1st Cir. 1989). Such minimal facts include an indication of "who did what to whom and why". *Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir.1982). In order to prevail in a § 1983 claim, plaintiff must prove that: (a) defendants were acting under color of state law; (b)

that plaintiffs were deprived by defendants of rights, privileges, or immunities secured to them by the Constitution or law of the United States (42 U.S.C.A. § 1983); and (c) that the defendant was personally and directly involved in causing the violation of the plaintiff's federally protected rights. *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985). This element requires a showing of a causal connection between the specific defendant and plaintiff's federal rights deprivation. *Rodriguez–Vazquez v. Cintron–Rodriguez,* 160 F.Supp.2d 204, 210 (D.P.R.2001).

In cases where plaintiff alleges that a supervisor's conduct caused a constitutional deprivation, the Supreme Court has firmly rejected *respondeat superior* as a basis for § 1983 liability of supervisory officials. *Voutour,* 761 F.2d at 819; *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). It has been established that § 1983 "should not be constructed to include vicarious liability, which is based on considerations of public policy, rather than fault or causation." *Id.* As an exception, a supervisor may be found liable only on the basis of his or her own acts or omissions. *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 562 (1st Cir.1989); *Figueroa v. Aponte–Roque,* 864 F.2d 947 953 (1st Cir. 1989). The conduct or inaction of the supervisor must constitute a reckless or callous indifference to the constitutional rights of others. *Barreto–Rivera v. Medina–Vargas,* 168 F.3d 42, 48 (1st Cir.1999). If the supervisor's behavior demonstrates deliberate indifference to conduct that is itself violative of a plaintiff's constitutional rights, he or she may be held liable for what he or she does or fails to do. *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 582 (1st Cir.1994).

Plaintiffs allege a violation of their equal protection rights. The complaint avers that they were denied the right to equal protection under the law pursuant to the Fourteenth Amendment of the U.S. Constitution. However, the party who asserts that governmental action violates the Equal Protection Clause must show that she is "the victim of intentional discrimination." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). In order to state a claim under the Equal Protection Clause, Plaintiffs must prove not only that Defendants were aware of their membership in a protected group, but also that they acted **because** of it. *See Personnel Administrator v. Feeney,* 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979). Yet, in the instant case, the complaint and amended complaint are devoid of any allegations that Plaintiffs, a married couple, were discriminated against on the basis of any suspect classification. Therefore, we conclude that the factual allegations made in the complaint do not meet the pleading requirements necessary to survive a motion for summary judgment as to Plaintiffs' equal protection claim. Thus, Plaintiffs claim for equal protection is hereby **DISMISSED WITH PREJUDICE**.

In addition, Plaintiffs allege a deprivation of their Due Process rights. Under the Fourteenth (and or Fifth) Amendment of the Constitution, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. IV, § 1. Plaintiffs do not specify whether they are alleging a violation of their substantive or procedural due process rights.

Plaintiff Mr. Santiago Irizarry alleges that the police had no valid justification for the traffic stop, illegally entered his mother-in-law's house without authorization or a search warrant, arrested him without probable cause, and assaulted and battered him. In their motion for summary judgment, Defendants contend that

they saw Plaintiff Mr. Santiago Irizarry incurring in a traffic violation, stopped him, questioned him, saw him take out from his pocket what looked like a controlled substance, followed him into the bathroom where he flushed the object down the toilet and arrested him. Defendants further contend that Mrs. Irizarry was arrested because she was interfering with her husband's arrest. Whether or not Plaintiffs' due process rights were violated hinges on the validity of the initial traffic stop, and subsequently, if the stop was valid, the existence of probable cause for the arrests. As evidenced by the two versions provided by the parties in this case, **we find that there are genuine controversies of material fact which make improper the entry of summary judgment on Plaintiffs' due process claims.** Moreover, we find that Plaintiffs have sufficiently pleaded a situation in which Defendants patrolmen should have reasonably known that their actions may be in violation of Plaintiffs' due process rights. Consequently, Defendants, at this time, are not entitled to qualified immunity with regard to Plaintiffs' due process claim.

In addition, in their opposition to Defendants' motion for summary judgment, Plaintiffs have in essence attempted to add a claim for excessive force. Although Plaintiffs' complaint included allegations regarding being battered by Co-defendants police officers, Plaintiffs did not seek redress for excessive force under the Fourth Amendment. The response to a motion for summary judgment is not the proper venue for such an untimely move. Furthermore, Plaintiffs cannot recover for the now alleged excessive force claim under their due process claim. The Supreme Court in *Graham v. Connor,* 490 U.S. 386, 394–95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) "foreclosed the use of substantive due process analysis in claims involving the use of excessive force in effecting an arrest and held that such claims are gov-

erned *solely* by the Fourth Amendment's prohibitions against unreasonable seizures, because the Fourth Amendment provided the explicit source of constitutional protection against such conduct." *Chavez v. Martinez,* 538 U.S. 760, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003).

### 2) Defendant Police Sergeant Muñiz

As to Defendant Police Sergeant Muñiz, Plaintiffs allege that he failed to ensure that Defendants patrolmen received proper and special training, in particular, regarding excessive force. The causes of action against Defendant Muñiz must be dismissed because Plaintiffs have failed to allege any specific actions by Muñiz which would suffice to establish a violation of their constitutional rights. *See Bowen v. City of Manchester,* 966 F.2d 13, 20 (1st Cir.1992). Plaintiffs failed to explain specifically how Defendant Muñiz's acts or omissions caused the alleged constitutional violations or that the police training was in fact inefficient. Lacking from Plaintiffs' complaint is the required "affirmative link" between Defendant Muñiz's acts or omissions and the resulting alleged violation of Plaintiffs' constitutional rights. *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 562(1st Cir.1989). Plaintiffs' conclusory allegations simply fall short. Therefore, Plaintiffs' claims against Defendant Police Sergeant Muñiz are hereby DISMISSED WITHOUT PREJUDICE. By necessary implication, Plaintiffs' claim for vicariously liability against Co-defendant Muñiz under Article 1803 of Puerto Rico's Civil Code for this tort is hereby DISMISSED WITHOUT PREJUDICE.

### 3) Malicious Prosecution

For a claim of malicious prosecution under Puerto Rico law, a plaintiff must show that (1) the defendant initiated

and instigated a criminal case against him; (2) the defendant initiated the case with malice and without probable cause; (3) the criminal case was terminated in favor of the plaintiff; and (4) the plaintiff suffered damages as a result. *Negrón–Rivera v. Rivera–Claudio*, 204 F.3d 287, 290 (1st Cir.2000).

 Defendants argue that this claim should be dismissed as the elements required to sustain the claim are not present. The Court agrees. Although Plaintiffs were in fact arrested and subpoenaed to appear before a Magistrate Judge the day after the arrest, no charges were filed against either Plaintiff (Docket # 13, ¶ 37). Unlike an action for false imprisonment or illegal detention, the tort of malicious prosecution has as its primary goal the protection from unjustifiable litigation; "the protection of reputation, property, or liberty interests is secondary." *Boschette v. Buck*, 914 F.Supp. 769, 773 (D.P.R.1995). Therefore, "a necessary element for malicious prosecution based upon criminal proceedings is that the defendant cause the criminal justice system to unjustifiably prosecute plaintiff." *Schroeder v. Bertolo*, 912 F.Supp. 23, 26 (D.P.R.1996).

'It is not enough that a mere complaint has been made to the proper authorities for the purpose of setting prosecution in motion, where no official action ever has been taken.' W. Page Keeton, et al., Prosser and Keeton on the Law of Torts §§ 119, at 871 (5th ed.1984); *see also Stromberg v. Costello*, 456 F.Supp. 848, 850 (D.Mass.1978) complaint did not state a claim for malicious prosecution because no proceeding actually resulted, despite the fact that defendant twice applied for criminal complaints against the plaintiff and appealed the denials of the complaints). Moreover, even if plaintiffs had intentionally and maliciously provided false information to the police during an investigation, that con-

duct would be an insufficient basis to state a cause of action for malicious prosecution if no criminal process actually resulted.

*Id.* Because, as Plaintiffs admit, no charges were actually brought against either Plaintiff, Plaintiffs' supplemental claim for malicious prosecution must fail. Therefore, Plaintiffs' malicious prosecution claim is hereby **DISMISSED WITH PREJUDICE.**

### Conclusion

For the reasons set herein, Plaintiffs' equal protection and malicious prosecution claims are **DISMISSED WITH PREJUDICE;** Plaintiffs' claims against Defendant Police Sergeant Muñiz are also **DISMISSED WITHOUT PREJUDICE.** However, Defendants' motion for summary judgment on Plaintiffs' due process claim is **DENIED.**

**SO ORDERED.**