SCHOLZ DESIGN, INC., Plaintiff

v.

Pasquale A. LIQUORI,
et al., Defendants.

C.A. No. 09–cv–30060–MAP.

United States District Court,
D. Massachusetts.

Oct. 5, 2009.

Molly E. Meacham Campbell, Campbell, Edwards & Conroy, PC, Boston, MA, for Defendants.

## *MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION WITH REGARD TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM (Dkt. Nos. 14 & 25)*

PONSOR, District Judge.

Plaintiff on June 8, 2009 moved to dismiss a counterclaim offered by Defendants. The motion was referred to Magistrate Judge Kenneth P. Neiman for report and recommendation.

On August 5, 2009, Judge Neiman issued his Report and Recommendation, to the effect that Plaintiff's motion should be allowed. *See* Dkt. No. 25. The conclusion of the Report and Recommendation admonished the parties at n. 2 that objections to the Report and Recommendation must be filed within ten days. No objection was filed.

Having reviewed the substance of the Report and Recommendation and finding it meritorious, and noting that there is no objection, the court, upon *de novo* review, hereby ADOPTS the Report and Recommendation (Dkt. No. 25).

Based upon this, the court hereby AL-LOWS Plaintiff's Motion to Dismiss Counterclaim (Dkt. No. 14). This case is hereby referred to Magistrate Judge Neiman for a Rule 16 scheduling conference.

It is So Ordered.

*REPORT AND RECOMMENDATION WITH REGARD TO PLAINTIFF'S MOTION TO DISMISS THE LIQUORI DEFENDANTS' COUNTERCLAIM (Document No. 14)*

NEIMAN, United States Magistrate Judge.

Scholz Design, Inc. ("Plaintiff") has moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the remaining counterclaim brought against it by Pasquale and Filomena Liquori ("the Liquoris").[1] The Liquoris' counterclaim alleges a violation of the Massachusetts Consumer Protection Act, Mass. Gen. L. ch. 93A ("chapter 93A"), to wit, that Plaintiff's underlying copyright infringement lawsuit is "baseless and entirely without merit," "initiated ... for the sole purpose of extracting an unfair and unreasonable settlement from" them, and "constitutes unfair and deceptive business practices." (Amended Countercl. ¶¶ 22–24.)

Plaintiff's motion to dismiss the Liquoris' counterclaim has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons which follow, the court will recommend that the motion be allowed.

## I. BACKGROUND

The following background comes primarily from the Liquoris' counterclaim and is stated in a light most favorable to them. *See Coyne v. City of Somerville,* 972 F.2d 440, 443 (1st Cir.1992). For present purposes, the facts are assumed to be true.

The Liquoris are individuals with a usual place of residence in East Longmeadow, Massachusetts. (Am. Countercl. ¶ 1.) Plaintiff is a Delaware corporation with a principal place of business in Toledo, Ohio. (*Id.* ¶ 2.) "In or about 2001, [the] Liquori[s] ... purchased a book of basic model home plans published by [Plaintiff] for $55." (*Id.* ¶ 4.) The Liquoris thereafter discussed with Plaintiff the "possibility of retaining [Plaintiff] to draw up detailed plans for their home." (*Id.* ¶ 6.) However, the Liquoris ultimately decided to hire Roland F. Cormier d/b/a R.C. Designers ("R.C. Designers"), presently a co-defendant, to draw up the plans and, thereafter, notified Plaintiff that they were not going to need its services. (*Id.* ¶¶ 7, 8.) In 2001, after meeting with the Liquoris, R.C. Designers drew up detailed plans and, in 2002, the Liquoris moved into their new home. (*Id.* ¶¶ 10, 12.)

According to the counterclaim, Plaintiff knew that the Liquoris themselves did not draft any portion of R.C. Designers' plans. (*Id.* ¶¶ 11, 16.) Nonetheless, seven years later, in January of 2009, Plaintiff sent a letter to them alleging that R.C. Designers' plans "infringed on its own copyright plans." (*Id.* ¶¶ 10, 13.) Thereafter, on April 3, 2009, Plaintiff filed this lawsuit against both R.C. Designers and the Liquoris, alleging a single count of "knowing, willful and intentional" copyright infringement in violation of 17 U.S.C. § 101 *et seq.* (*Id.* ¶¶ 10–19.) As relief, Plaintiff seeks actual and statutory damages, interest, attorney's fees, costs and equitable relief. (See *id.* ¶ 22 and at 5 ¶¶ A–D.)

In their chapter 93A counterclaim, the Liquoris allege that Plaintiff unfairly "de-

---

**1.** The Liquoris initially filed an additional counterclaim for abuse of process but voluntarily dismissed it on June 16, 2009 and, thereafter, amended their answer accordingly. (See Document Nos. 17 and 24.)

manded" $100,00 from them to settle the copyright claim even though Plaintiff "sells the plans which it alleges were infringed for $10,000." (Am. Countercl. ¶¶ 14–15.) The Liquoris further deny that they have infringed, "directly or contributorily," on Plaintiff's copyright. (*Id.* ¶ 17.) The Liquoris also allege that Plaintiff, "[c]ognizant of the fact that the Liquoris are homeowners," not designers, brought its lawsuit solely to "extract an unfair settlement from them." (*Id.* ¶¶ 16, 19.)

## II. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept a complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor. *Cook v. Gates,* 528 F.3d 42, 48 (1st Cir.2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 2763, 174 L.Ed.2d 284 (2009). While a complaint does not need "detailed factual allegations," a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Recently, the Supreme Court made clear that, under *Twombly,* only a complaint that states a plausible claim for relief, on its face, survives a motion to dismiss. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). The Court stated that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

In essence, Plaintiff's motion to dismiss the Liquoris' counterclaim makes two arguments: (1) that chapter 93A's "trade or commerce" requirement has not been met; and (2) that the Liquoris cannot ground their chapter 93A counterclaim on the alleged filing of "baseless litigation." Per-

suaded by both arguments, the court finds that the Liquoris have not stated a plausible claim for chapter 93A relief. Hence, the court will recommend that Plaintiff's motion to dismiss the Liquoris' counterclaim be allowed.

### A. *"Trade or Commerce" Argument*

Section 2(a) of chapter 93A provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Mass. Gen. L. ch. 93A, § 2(a). With this provision in mind, Plaintiff argues that, even though the parties had contact in 2001 or 2002, the Liquoris' chapter 93A counterclaim cannot succeed because the only allegedly unfair and deceptive act alleged—the filing of the "baseless" copyright infringement litigation in 2009—was not undertaken in the conduct of "trade or commerce." The Liquoris do not directly reply to this argument.

■ It is well-established that chapter 93A "was enacted to protect consumers and businesses from unfair competition and unfair or deceptive acts ... 'in the conduct of any trade or commerce.'" *Refuse & Env'l Sys., Inc. v. Industrial Servs. of Am., Inc.,* 932 F.2d 37, 42 (1st Cir.1991) (quoting Mass. Gen. L. ch 93A, § 2(a)). Here, however, there are no allegations by the Liquoris that Plaintiff's filing of its lawsuit—at least seven years after the Liquoris decided *not* to have business dealings with Plaintiff—took place in the conduct of any trade or commerce. As District Judge Frank H. Freedman stated over three decades ago, "[i]t would strain the wording of Chapter 93A to find that 'the conduct of any trade or commerce' includes legal action taken by one party against another years after their business dealings have concluded." *Stromberg v. Costello,* 456 F.Supp. 848,

851 (D.Mass.1978). This is reason enough to dismiss the Liquoris' counterclaim pursuant to Rule 12(b)(6). *See id.*

### B. *"Baseless Litigation" Argument*

Plaintiff also attacks the central theme of the Liquoris' counterclaim, that "one who willfully files a baseless lawsuit may run afoul of Chapter 93A." (Opp'n of Liquoris to Pl.'s Motion to Dismiss Chapter 93A Countercl. at 4.) According to Plaintiff, neither the law nor the facts support the Liquoris' position. Again, the court agrees with Plaintiff.

■ It is true that, in limited situations, "[a] party may bring a claim under [chapter] 93A against another party which willfully filed a baseless lawsuit." *George Hyman Constr. Co. v. Gateman*, 16 F.Supp.2d 129, 162 (D.Mass.1998) (citing *Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1513–14 (1st Cir.1989), and *Refuse & Env'l Sys., Inc.*, 932 F.2d at 43). For such a chapter 93A claim to survive, however, the filing of the "baseless" lawsuit must have been motivated by a "pernicious purpose collateral to winning the suit." *Quaker State Oil Refining Corp.*, 884 F.2d at 1514. *Accord George Hyman Constr. Co.*, 16 F.Supp.2d at 163.

■ Here, even assuming that Plaintiff's suit is somehow baseless—a dubious proposition given that the Liquoris opted to answer the complaint in lieu of filing a Rule 12(b)(6) motion to dismiss—there are no specific allegations that Plaintiff was motivated by a pernicious purpose. Moreover, the Liquoris' contention to the contrary, the court does not see how Plaintiff's $100,000 settlement demand was "unfair" inasmuch as it falls well within the $150,000 damages limit for the willful copyright violation claim Plaintiff makes here. *See* 17 U.S.C. §§ 504(a), (c). Similarly, the Liquoris' observation that Plaintiff's plans, if purchased, would have cost only $10,000, has no bearing on the damages which Plaintiff is entitled to pursue in a copyright infringement cause of action. Further, and perhaps most importantly, the allegations in the counterclaim lack any hint that Plaintiff engaged in "extortion" or "anticompetitive practices," the only types of motivation described in other decisions as possibly pernicious. *See Quaker State Oil Refining Corp.*, 884 F.2d at 1514 (finding no pernicious purpose because "[t]here was no documented attempt at wrongful exaction of something apart from defendant's due, ergo, no 'extortion' "). *See also Refuse & Env'l Sys., Inc.*, 932 F.2d at 41 (intentionally using a baseless lawsuit to attempt to drive a competitor out of business may constitute "an ulterior purpose").

Finally, the fact that, as the Liquoris point out, Plaintiff may have brought unsuccessful infringement lawsuits against other homeowners in the past, *see, e.g., Scholz Design, Inc. v. Jaffe*, 488 F.Supp.2d 749 (N.D.Ill.2007); *Scholz Design, Inc. v. Bassinger Bldg. Co.*, 2006 WL 3031388 (E.D.Mich. Oct. 23, 2006), is of little moment. To be sure, Plaintiff lost those lawsuits, albeit well past the pleading stage, *see Jaffe*, 488 F.Supp.2d at 749–50 (entering judgment in homeowners' favor following bench trial); *Bassinger Bldg. Co.*, 2006 WL 3031388, at *3 (deciding action for homeowners via cross motions for summary judgment), but each case, including this one, needs to stand or fall on its own. The mere existence of those lawsuits cannot amount to a pernicious motivation on the part of Plaintiff here.

### IV. CONCLUSION

For the reasons described, the court recommends that Plaintiff's motion to dismiss the Liquoris' chapter 93A counter-

claim be ALLOWED.[2]

2. The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.